George M. Fanelli, J.
In this action brought by interested residents and taxpayers for a declaratory judgment and injunction, wherein they seek to declare illegal and void a recent amendment to the zoning ordinance which rezoned certain real property located in the City of Yonkers, plaintiffs now move for an injunction pendente lite.
From a reading of the papers submitted upon this motion it is quite apparent that the grievances and attacks made by plaintiffs are many. They are vigorously denied and controverted by defendants and there is no doubt in the court’s mind but that the issues ultimately to be tried herein will be highly contested by skillful counsel.
In their complaint in this action plaintiffs allege, inter alia, that the Common Council of the City of Yonkers had no jurisdiction to entertain the petition and to hold the subsequent public hearing for said rezoning; that the petition did not indicate by zoning districts the portions to be rezoned; that certain petitioners (now defendants) were not the owners of 50% or more of the frontage in several of the separate districts embraced in the petition as required by law; that at the time of the filing of the petition for rezoning, a certain applicant (now defendant) was not the “ owner” of any real property; that the public hearing held with respect to the petition was ineffective because of the inadequacy of the council chambers and the inability of certain interested persons to be heard as the result thereof; that such rezoning (General Ordinance No. 15-1958) was not designed to promote the public health, safety and general welfare of the city; that plaintiffs have been deprived of the use of their property without due process of law; and that the Common Council failed to refer the petition, prior to acting thereon, to the City Planning Board for report and recommendation.
*536 At the outset, it should be pointed out that in an action of this kind, certain fundamental principles of law have been laid down over the years by the courts in this State and should be borne in mind. Zoning and rezoning on the part of a body such as the Common Council are legislative functions (Matter of Green Point Sav. Bank v. Board of Zoning Appeals, 281 N. Y. 534; McCabe v. City of New York, 281 N. Y. 349; Ulmer Park Realty Co. v. City of New York, 267 App. Div. 291). Zoning laws, enacted as they are to promote health and general welfare of the community as a whole, necessarily entail hardships and difficulties for some individual owners. No zoning plan can possibly provide for the general good and at the same time so accommodate the private interest that everyone is satisfied. "While no precise line of demarcation is possible, nevertheless, basic is the principle that ‘ ‘ what is best for the body politic in the long run must prevail over the interests of particular individuals ” (see Shepard v. Village of Skaneateles, 300 N. Y. 115, 118).
The Court of Appeals in Rodgers v. Village of Tarrytown (302 N. Y. 115, 121) had this to say: “ While stability and regularity are undoubtedly essential to the operation of zoning plans, zoning is by no means static. Changed or changing conditions call for changed plans, and persons who own property in a particular zone or use district enjoy no eternally vested right to that classification if the public interest demands otherwise. Accordingly, the power of a village to amend its basic zoning ordinance in such a way as reasonably to promote the general welfare cannot be questioned. Just as clearly, decision as to how a community shall be zoned or rezoned, as to how various properties shall be classified or reclassified, rests with the local legislative body; its judgment and determination will be conclusive, beyond interference from the courts, unless shown to be arbitrary, and the burden of establishing such arbitrariness is imposed upon him who asserts it. In that connection, we recently said (Shepard v. Village of Skaneateles, 300 N. Y. 115, 118); ‘ Upon parties who attack an ordinance * * * rests the burden of showing that the regulation assailed is not justified under the police power of the state by any reasonable interpretation of the facts. ‘ ‘ If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control.” ’ (Village of Euclid v. Ambler Realty Co., 272 U. S. 365,388; see, also, Town of Islip v. Summers Coal & Lbr. Co., 257 N. Y. 167,169,170; Matter of Wulfsohn v. Burden, 241 N. Y. 288, 296-297.) ”
*537 In the light of the afore-mentioned heavy burden cast upon plaintiffs, the court passes to the all important and pivotal question upon which this decision hinges. Here, too, plaintiffs are charged with another burden, for the law is well settled that in order to be entitled to a temporary injunction plaintiffs must establish a clear legal right thereto upon the undisputed facts (Pine Hill-Kingston Bus Corp. v. Davis, 225 App. Div. 182; Voorhees & Hobart, Inc., v. Hobart, 251 App. Div. 111). Temporary injunctions which give to a litigant the same relief which may ultimately be granted after a trial are to be granted, if at all, very sparingly and only when urgent necessity is clearly shown (Maloney v. Katzenstem, 135 App. Div. 224; Bobrose Developments v. Jacobson, 251 App. Div. 825).
From the papers submitted in the case at bar, there is a sharp controversy on many issues affecting plaintiffs’ right ultimately to succeed in this action, so that it cannot be said that plaintiffs have made out a sufficiently clear case to entitle them to immediate relief.
In the present posture of this case the court is not called upon to nor should it decide with a degree of finality the relative merits of this controversy. Moreover, the fact that most of the alleged preliminary procedural defects predating the public hearing conducted by the Common Council on April 22, 1958 have already been passed upon by this court adversely to plaintiffs should not be construed by either party as an indication of the court’s feelings with respect to the merits thereof, nor should any legal effect be given thereto. Bather, the court must perforce look at the papers now before it and determine whether they justify and warrant the summary relief now sought by plaintiffs.
In sum, therefore, the court is of the opinion that bearing in mind all of the afore-mentioned substantive principles of law, the present record fails to contain the requisite factual showing and falls short of the quantum and standard of proof demanded by the cases to justify the exercising of its discretion favorably toward plaintiffs to the extent of granting them the injunction pendente lite. The rights of the parties to this lawsuit must be determined only after a trial of all the issues.
Accordingly, the motion is denied, and the various stays contained in the order to show cause of Mr. Justice G-allaghbr are vacated.
Submit order.