■    In the Matter of DAVLEE CONSTRUCTION CORP. et al., Respondents, v. TOWN OF HUNTINGTON et al., Appellants.— In a proceeding under article 78 of the Civil Practice Act, to require the Town of Huntington and its Town Board to amend forthwith the Town's Building Zone Map so as to show thereon the petitioners' real property as described in the petition, to be classified as Residence " C " property under the Town's Building Zone Ordinance, the town and Town Board appeal from an order of the Supreme Court, Nassau County, dated December 19, 1961, which: (1) denied their motion to dismiss the petition for legal insufficiency; (2) denied leave to them to serve and file an answer to the petition; and (3) granted the petition in all respects. Order modified on the law by striking out the three decretal paragraphs, and by substituting therefor one decretal paragraph denying the motion of the town and the Town Board to dismiss the petition for legal insufficiency, with leave to them to serve and file an answer to the petition. Their time to file such answer is extended until 20 days after entry of the order hereon. As so modified, order affirmed, without costs. In our opinion, the petition herein is legally sufficient insofar as it concerns and relates to those lots owned by the petitioners which, under the zoning amendment of December 20, 1955 and the zoning ordinance of February 18, 1958, were and remain classified in a Residence " B " district containing an area requirement of one acre for each building plot. As to these lots, it is also our opinion, as stated in a companion appeal (*Matter of Davlee Constr. Corp.* v. *Horn,* 16 A D 2d 973), that the judgment of December 14, 1955 rendered by Official Referee Hooley in the prior action for a declaratory judgment, would be *res judicata* with respect to the subsequent zoning amendment of December 20, 1955 and the subsequent zoning ordinance of February 18, 1958 (each of which subsequent enactments continued to classify the aforesaid lots in a Residence " B " district), and that such judgment would continue to be *res judicata* until and unless it be established that there is a change in the conditions found to have existed with respect to the amendment of May 4, 1954. However, the above views do not apply as to those 140 lots (enumerated *infra*) owned by the petitioners which, by each of said enactments of December 20, 1955 and February 18, 1958, were no longer classified in a Residence " B " district but were classified in a Residence " B-1 " district containing an area requirement of 20,000 square feet for each building plot. If, as appears from the petition, the petitioners contend that, to the extent that both of the said subsequent enactments have placed these 140 lots in a " B-1 " zone, the said enactments are also

invalid as being constitutionally or otherwise defective, said petitioners must first seek and obtain such a declaration of invalidity in an appropriate action therefor before they may have the relief which they now seek with respect to said 140 lots. These lots consist of Lots 1 to 25, both inclusive, owned by petitioner, Davlee Construction Corp., and shown on the subdivision "Map of Section One, Thicket Heights, situated at Cold Spring Harbor, Suffolk County, New York," together with the following lots owned by the remaining petitioners herein and also shown on the same subdivision map: Parcel A; lot 26; lots 44 to 77, both inclusive; lots 80 to 107, both inclusive; lot 182; and lots 300 to 309, both inclusive. With respect to the first above-mentioned class or group of lots as to which the petition has been found sufficient, it seems clear that the town and the Town Board have disputed and still dispute the petitioners' allegation that there has not been a change in the conditions found to have existed with respect to the zoning amendment of May 4, 1954 (which was the subject of, and was found invalid in, the above-mentioned prior action for a declaratory judgment). In the light of such dispute, it was an improvident exercise of discretion to refuse to grant leave to the town and the Town Board to issue, serve and file an answer in this proceeding. In a proceeding under article 78 of the Civil Practice Act, the rule seems to be well settled that where a motion to dismiss the petition is denied, leave to serve an answer may be refused only if it clearly appears that no issue exists which may be raised by answer concerning the merits of the petitioner's application (*Matter of Brentmore Estates* v. *Hotel Barbizon*, 263 App. Div. 389; *Matter of Friedman* [*Roseth Corp.*], 271 App. Div. 870; 22 Carmody-Wait, § 402, pp. 488, 489). Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur. [33 Misc 2d 431.]