Bernard S. Meyer, J.
In a prior decision (40 Mise 2d 265) this court held unconstitutional Ordinance No. 60 of the Village *805 of Lake Success to the extent that it changed the use of property belonging to plaintiff and located on the westerly side of Lake-ville Road from Business “A” and Business “ B ” to Residence “ C An appeal from the judgment entered on that decision is now pending. Plaintiff has entered into a contract of sale of the property conditioned on its continued Business districting. Defendants have given notice of hearings to amend the Zoning Ordinance to create a Business “ C ” district and classify the subject parcel Business “ iC ” and plaintiff asks that the judgment be amended to enjoin defendants from enacting the proposed amendment. The motion is denied.
Plaintiff recognizes the rule that only in extraordinary instances will a court enjoin exercise by a legislative body of its legislative function. Plaintiff argues, however, that the proposed zoning change will frustrate the court’s prior judgment and that, therefore, CPLR 6301 authorizes issuance of an injunction. The argument is based on the misapprehension that the judgment ‘ ‘ reinstated ’ ’ the prior business zoning. While this is the effect of the judgment, that effect results from the fact that residential zoning was held invalid and not from any holding that Business “A” and Business “B” zoning were the only classifications constitutionally applicable to plaintiff’s property. As the court has had prior occasion to point out “ the court’s function is limited to the declaration of what the zoning classification may not be and does not extend to fixation of the proper zoning classification” (Shapiro v. Town of Oyster Bay, 27 Misc 2d 844, 845, affd. 20 A D 2d 850).
True it, of course, is that the court will not countenance frustration of its mandates by the device of endless re-enactment of substantially the same ordinance (Matter of Davlee Constr. Corp. v. Horn, 16 A D 2d 973; Paliotto v. Town of Islip, 31 Misc 2d 447; Matter of Hyde v. Oestreich, 194 N. Y. S. 2d 374). The ordinance which defendants propose to enact is substantially different, however, from the prior residential zoning and in such a case the property owner “ must first seek and obtain a declaration of invalidity in an appropriate action therefor ’ ’ (Matter of Davlee Constr. Corp. v. Town of Huntington, 16 A D 2d 974).
Plaintiff could acquire a vested right to the continuation of the Business “A” and Business “ B ” classification only if he incurred substantial expenditure in reliance upon it. The moving papers do not so allege. It may well be that the proposed ordinance is unconstitutional as' plaintiff contends, but that determination should not be made summarily on a motion to broaden the injunctive provisions of the judgment. Plaintiff *806 can commence action for the necessary declaration immediately the ordinance is passed, and need not await determination of the appeal before seeking to invalidate it. Even though the village looks upon it as a “ standby” ordinance, it is in effect so long as the ‘1 area is held by a court of competent jurisdiction to be zoned for business use.” Thus, until the judgment herein is reversed, the ordinance is effective and plaintiff may proceed against it.
There may be cases in which the legislative purpose is so clearly to frustrate the mandate of the court that summary action of the type here requested should be taken by the court. Suffice it to say that this is not such a case. ,