Jack Stanislaw, J.
The motion is for a preliminary injunction enjoining defendant Town of Huntington, pending the trial *703 and determination of this lawsuit, from holding a public hearing to reclassify plaintiff’s real property (located on the easterly side of Route 110, at its intersection with the Northern State Parkway) from Planned Shopping Center District to R-10 Residence District. Plaintiff claims that such action would be illegal and in violation of its property rights; that defendant’s deliberate interference with such rights over the past two years has resulted in the postponement of the proposed construction, costing plaintiff $85 per day in interest charges, plus $6,111.77 annually for real estate taxes, and approximately a million dollars due to the rise in construction costs. Plaintiff further claims it will be seriously and irreparably harmed if defendant is permitted to take the action sought to be enjoined.
The moving papers include supporting affidavits, documentary exhibits, a bond approved by the court to indemnify defendant for possible costs, as well as a summons and verified complaint, alleging two causes of action. In the first cause, plaintiff seeks judgment permanently enjoining defendants, its officers and employees from holding a public hearing to reclassify plaintiff’s property into a residential district. The second cause is for declaratory judgment, decreeing that any residential classification of plaintiff’s property would be unreasonable, arbitrary, confiscatory, unconstitutional and void.
The order to show cause, by which the motion is brought, was granted by Mr. Justice Geiler on November 19, 1969. It provides : (1) that the motion shall be returnable on December 1, 1969; (2) that pending the hearing of the motion, defendant, its officers and employees shall be enjoined from holding a public hearing to change the zoning classification of plaintiff’s property; and (3) that service of the order and supporting affidavits at the office of the Town Attorney on or before November 24, 1969, shall be deemed good and sufficient service and notice of the application. An affidavit of service annexed to the moving papers indicates that on November 19, 1969, the order to show cause, supporting affidavits, summons and complaint were served on Arthur Goldstein, the Town Attorney, at the office address indicated in the order to show cause. Another affidavit of service, annexed to the reply affidavit, indicates that on November 28,1969, the summons and complaint were personally served on the Town Clerk.
Despite service of the temporary restraining order in the manner prescribed by the court, it is alleged by plaintiff’s attorney that on November 25, 1969, the Town Attorney, the Town Clerk, Supervisor Ambro and Councilmen Case, Horn and Mugridge held the public hearing specifically enjoined and pro *704 ceeded to enact a resolution purportedly changing the zoning of plaintiff’s property to an R-10 residential classification.
No answer to the complaint has yet been served. Nor has defendant opposed the motion on the merits. Instead, defendant cross-moves: (1) for judgment dismissing the complaint for lack of jurisdiction; and (2) to vacate the order to show cause.
In support of the first branch of its cross motion, defendant contends that the summons and complaint attached to the order to show cause served on its attorney does not constitute service on defendant town, since they were not served upon the Town Clerk or Town Supervisor as prescribed by CPLR 311 (subd. 5); that the court has not acquired jurisdiction of the person of defendant; and that the complaint, therefore, should be dismissed pursuant to CPLR 3211 (subd. [a], par. 8). But since it is not denied that on November 28, 1969, prior to the return date of the motion, the Town Clerk was personally served with a copy of the pleadings, the first branch of the cross motion must be denied.
The second branch attacks the validity of the order to show cause. It is defendant’s contention that the court has no authority to issue an ex parte temporary restraining order upon a municipality. Defendant, it appears, relies upon CPLR 6313, which states, in part: “No temporary restraining order may be granted * * * against a public officer, board or municipal corporation of the state to restrain the performance of statutory duties.” (Emphasis supplied.) The question then, is whether defendant had a statutory duty to perform the act sought to be enjoined by the restraining order. We think not. The proposed reclassification, it appears, is part and parcel of a contrived plan on the part of defendant, not to perform but to prevent the performance of a statutory duty.
Back in December of 1967, the then incumbent Town Board adopted a resolution changing the zoning of plaintiff’s property to a Planned Shopping Center District. But because the Town Clerk refused to post and publish that enactment, as he was required to do under section 265 of the Town Law, plaintiff commenced a CPLR article 78 proceeding, in the nature of mandamus, for an order directing the Town Clerk to perform that duty. By order of the Supreme Court, granted April 17, 1968, the Town Clerk was so directed. Dissatisfied with the court’s decision, defendant appealed. But the order was unanimously affirmed by the Appellate Division, Second Department, on March 17, 1969 (31 A D 2d 1006). Leave to appeal was denied, first by that court on May 19, 1969 and then by the Court of *705 Appeals, as recently as October 2, 1969 (25 N Y 2d 741). The Town Clerk has not yet performed that duty (apparently upon the direction of the Town Board or the advice of the Town Attorney, or both). To prevent such performance, defendant recently commenced an action to enjoin its Clerk from posting and publishing the December, 1967, enactment. The town moved, in that action, for a temporary injunction to restrain the very duty mandated by the April 17, 1968 order. That motion, however, was denied by Mr. Justice Ritchie (Town of Huntington v. 110 Manno Realty Corp., N. Y. L. J., Dec. 26, 1969, p. 11, col. 5).
If defendant had the legal right, or, as it now infers, the statutory duty, to reclassify plaintiff’s property from a Planned Shopping Center District to a residence district, then why did it appeal the April 17,1968 order granted to plaintiff in the article 78 proceeding and, in the spring of 1969, seek permission of the Appellate Division and Court of Appeals, for leave to appeal the affirmance of that order? And when such permission was denied, why did it then commence an action to enjoin its Clerk from posting and publishing the resolution classifying plaintiff’s property as a Planned Shopping Center District? The only rational answer is that defendant had no such right and, certainly, no such duty.
Defendant further attacks the method of service prescribed by Mr. Justice Geiler in the order to show cause. It is defendant’s contention that the only method by which an order may be served upon a municipality is the one prescribed by CPLR 311 (subd. 5). That section provides: 1 ‘ Personal service * * * upon a town * * * shall .be made by delivering the summons * * * to the supervisor or the clerk.” But CPLR 2214 (subd. [d]) authorizes the court to direct service of an order to show cause “in a manner specified therein ”. And although CPLR 6313 (subd. [b]) provides that a temporary restraining order, together with the papers upon which it was based and the notice of the hearing for the preliminary injunction, shall be personally served in the same manner as a summons, it should be noted that, in accordance with CPLR 2214 (subd. [d]), the introductory language of CPLR 6313 (subd. [b]) is: “Unless the court orders otherwise ”. Neither of those sections excludes service upon a town. Thus, since it was made in the manner directed by the court, the service was effective. Moreover, since the relationship between the Town Attorney and the parties referred to under CPLR 311 (subd. 5) is such “ as to lead irresistibly to the inference that notice to [the former] would be promptly transmitted to [the latter] ” and because there is no *706 indication that the town was prejudiced by the method employed, service upon the Town Attorney may be deemed effective service on the town (Geffen Motors v. Chrysler Cory., 54 Misc 2d 403, 404).
It should further be noted, that CPLR 5704 affords an immediate review by the Appellate Division of any of the provisions of an ex parte order; and, under CPLR 6314, defendant could have moved, even without notice, for an order of the Justice who granted the restraining order (“ or in his absence or disability, another judge ”) to vacate or modify it. This, defendant neglected to do. Until such time that an order of a Justice of a Supreme Court is declared invalid by a court of competent jurisdiction, it must be presumed valid and regular (Geller v. Flamount Realty Corp., 260 N. Y. 346).
Defendant, in effect, is asking the Justice presiding at this Special Term to declare invalid an order of another Justice. But, as stated by the Appellate Division, Second Department, in Empire Mut. Ins. Co. v. West (22 A D 2d 938). ‘‘ It is not proper practice to seek a review of the order of one Special Term Justice by another such Justice (Matter of White, 101 App. Div. 172, 173). Such a practice, if sanctioned, is tantamount to an appeal from an order made by one Special Term Justice to another Special Term Justice who has no appellate or revisory jurisdiction with respect to the other (Platt v. New York & Sea Beach Ry. Co., 170 N. Y. 451, 458). Accordingly, the second branch of the cross motion is likewise denied.
Let us now consider the merits of plaintiff’s application. Since we hold the method of service of the moving papers valid, we further hold it binding upon all those to whom it was directed and who had knowledge of its contents, not only with respect to the restraining provisions of the order to show cause and the injunctive relief therein provided (Jewish Hosp. of Brooklyn v. Davis, 8 A D 2d 786), but also with respect to the provision directing defendant to show cause why the preliminary injunction should not be granted. Since defendant has elected to ignore that provision (by failing to oppose the motion on its merits), it is now in default (Jewish Hosp. of Brooklyn v. Davis, suyra). For purposes of this motion, therefore, the allegations of the supporting affidavits and the verified complaint shall be deemed admitted.
On such a motion, plaintiff has the burden of showing a clear legal right to the requested relief (Miner v. City of Yonkers, 14 Misc 2d 535); that its right to the ultimate relief is not in doubt; and that the irreparable damage which plaintiff claims will result from its denial outweighs the damage which may *707 result to defendant if the disputed action is restrained (Paliotto v. Town of Islip, 31 Misc 2d 447). It is the opinion of this court that plaintiff has met that burden.
Zoning and rezoning are, of course, legislative functions (Miner v. City of Yonkers, supra; Matter of Green Point Sav. Bank v. Board of Zoning Appeals of Town of Hempstead, 281 N. Y. 534). Courts are loath to enjoin a legislative body. Only in extraordinary instances will they exercise their equity jurisdiction to restrain such a body from performing a legislative function (Udell v. McFadyen, 46 Misc 2d 804). But, here, there is every indication that the act sought to be enjoined is unauthorized. Indeed, such action can only be construed as a deliberate, defiant and unlawful attempt on the part of defenclant to frustrate and evade compliance with all prior orders of this court and of the appellate courts, affecting plaintiff’s interest in the subject realty (just as defendant deliberately defied the recent temporary restraining order). Where action proposed by the Legislature is unlawful, a court of equity has the power and should not hesitate to restrain it (Blanchard v. City of New York, 262 N. Y. 5; Meredith v. Monahan, 60 Misc 2d 1081). We are not here concerned merely with an attack upon the bad motives of a legislative body, which ordinarily is not permitted (Blanchard v. City of New York, supra), but with the legality of the act sought to be enjoined. The court finds the proposed action so patently violative of every prior court order granted in the various litigated matters affecting this property (without indication that there has been any significant change in the area in the interim) as to render the act invalid (Davlee Constr. Corp. v. Horn, 16 A D 2d 973).
It further appears, that those individuals having knowledge of the temporary restraining order (including those not parties or personally served, and despite any claim on their part that it was void), who violated its provisions, are chargeable with criminal contempt (Judiciary Law, § 750, subd. 3; People ex rel. Stearns v. Marr, 181 N. Y. 463; Getter v. Flamount Realty Corp., 260 N. Y. 346; Matter of Young, 29 Misc 2d 817): But since the alleged contempt was not committed in the immediate view and presence of the court, they may not be summarily punished and are entitled to notice of the accusation as well as a reasonable time to make a defense (Judiciary Law, § 751; People ex rel. Barnes v. Court of Sessions, 147 N. Y. 290; see Board of Educ. of City School Dist. of City of New Rochelle v. Zeluck, 60 Misc 2d 1090, outlining the requirements of a contempt proceeding).
The motion for a temporary injunction is granted. To avoid further dispute or interference with the intent of this decision, *708 the parties are directed to proceed to trial expeditiously. Defendant shall serve its answer within 10 days from the date of service of a copy of the order to be entered hereon with notice of entry. That order may provide that this matter shall be tried jointly with the above-mentioned action commenced by defendant against this plaintiff and the Town Clerk. Plaintiff may then serve and file its note of issue and, upon the payment of all fees required therefor, the matter shall be set down for immediate trial.