■ MICHAEL R. DiFATE, Appellant, v. SEYMOUR SCHER, as City Manager of the City of Yonkers, et al., Respondents. (And Another Title.) — In consolidated proceedings to (1) permanently enjoin the respondents from making appointments to the position of police sergeant in the Yonkers Police Department from a particular list of persons who have been certified as being eligible for such position, and (2) to punish Eugene J. Fox and Seymour Scher for both civil and criminal contempt because of their alleged deliberate violation of a temporary restraining order contained within the order to show cause which implemented the prime proceeding, petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County, dated January 22, 1974, as dismissed his petition, vacated the temporary restraining order and dismissed the proceeding to punish the named individuals for contempt. Order modified, on the law and the facts, insofar as it dismissed the prime proceeding, the petition is reinstated, the case is remanded to the Supreme Court, Westchester County, for further proceedings, and the petitioner is directed to join New York State Civil Service Commission as a necessary party to this proceeding within 20 days of the entry of this order. As so modified, order affirmed insofar as appealed from, with $20 costs and disbursements to appellant. Respondents are directed to serve their answer to the petition within 20 days after the entry of this order, and are hereby stayed from making any appointments from the promotional list of eligibles dated November 28, 1973 for sergeants in the Yonkers Police Department pending determination of this proceeding. Petitioner is a member of the Yonkers Police Department. After taking a qualifying examination for the rank of sergeant, given under the auspices of the New York State Civil Service Commission at the request of Yonkers Municipal Service Commission, pursuant to section 23 of the Civil Service Law, the results of such examination were published. Petitioner placed thirty-fourth on a list of 69 applicants. A short time thereafter, petitioner and others were notified that errors were discovered in the grading of such examination and that a new list would be published. After regrading, petitioner placed sixtieth, although his grade on the examination remained the same. It was also apparent to petitioner that a number of persons who had previously placed beneath him on the original list, or who had failed the examination, were now occupying high positions on the newly promulgated eligibility list and that most others had retained their previous scores, but had dropped in rank as he did. In an attempt to contest this occurrence, petitioner commenced this proceeding to permanently enjoin the respondents from making any appointments to the rank of sergeant from the second list. The proceeding was commenced by way of the service of an order to show cause with supporting petition and affidavits. The order to show cause which implemented the proceeding contained a provision temporarily restraining the respondents from making any appointments from the second list. The petitioner claimed that at least one appointment, and possibly two, were made and became effective only after the service of such order upon the office of the Corporation Counsel of the City of Yonkers and the time when the respondents admit to have had actual knowledge thereof. On such facts, petitioner com-

menced a second proceeding to punish the respondents Seymour Scher and Eugene J. Fox, the then Corporation Counsel of Yonkers, for both civil and criminal contempt. The two proceedings were consolidated by the trial court. In final determination, the trial court dismissed the prime proceeding, upon respondent's motion, on the ground that the New York State Civil Service Commission is a necessary party to this proceeding which was not joined by the petitioner, in that the examination in question and the promulgation of the resulting eligibility list were both produced under the jurisdiction of the State commission. In addition, the trial court dismissed the petition to punish for contempt upon its finding that both appointments in question took effect prior to the service upon the accused of the order in question. We think that it was improvident for the trial court to have dismissed the petition. It is sufficient at law, prima facie, and petitioner appears to be entitled to a review of the acts and decisions which resulted in the promulgation of the second list of eligibles. Although the only relief he requested was a permanent injunction restraining appointments from the challenged list, we construe his application as seeking, in addition thereto, a complete investigation and review of the activities of the respondents as well as the State commission with regard to the examination he took. Since petitioner was aggrieved by such action, and he stated sufficient factual allegations in his petition to entitle him to some relief, it is our opinion that the better course to have been followed is joinder of the State commission rather than dismissal of the proceeding. We agree, however, with the trial court's ruling in the contempt proceeding, albeit for a different reason. CPLR 6313 (subd. [a]), which authorizes the granting of ex parte temporary restraining orders, specifically prohibits the granting of such relief against "a public officer, board or municipal corporation of the state". The temporary restraining order contained in the order to show cause which implemented this proceeding was void on its face because the issuing court was without authority to grant it and, therefore, need not have been obeyed by the respondents (*Matter of Spector v. Allen*, 281 N. Y. 251, 260). In view of the apparent harm and prejudice to petitioner's position should additional appointments be made from the list in question, we think it necessary to restrain further appointments from the challenged list of eligibles until the challenge thereto has been rebutted. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.