■ H. DEVELOPMENT CORP., Respondent, v CITY OF YONKERS, Appellant. —In an action, *inter alia,* to declare unconstitutional an amendment to the City of Yonkers' zoning ordinance insofar as it affects a parcel of real property upon which plaintiff holds an option to purchase, defendant appeals from a judgment of the Supreme Court, Westchester County, dated January 3, 1977, which, after a nonjury trial, (1) declared the amendment to the zoning ordinance unconstitutional with respect to the subject parcel of real property, (2) declared that the parcel may be used for purposes permitted in an MG (apartment houses, low density) zoning district and (3) enjoined the defendant municipality, its officers and employees, from enforcing any provision of the zoning ordinance which would prohibit the use of plaintiff's property for purposes permitted in the aforesaid MG zoning district. Judgment modified, on the law, by deleting the third decretal paragraph thereof, which granted the injunction. As so modified, judgment affirmed, without costs or disbursements. In our opinion Special Term was correct in holding (1) that the present S-100 (residential use, minimum area of 10,000 square feet) zoning is unconstitutional with respect to the subject parcel, in that such zoning is not in accordance with a comprehensive development plan, and (2) that erection of apartment buildings on the property would not alter the essential character of the area (see *Williams v Town of Oyster Bay,* 32 NY2d 78). We are also in accord with Special Term's further determination that the effect of its declaring the zoning ordinance invalid as applied to the subject property, is that the proper zoning for the property is the zoning which existed prior to the invalid amendment, and which permitted erection of low-density apartment houses on the subject parcel. However, we believe Special Term's further direction enjoining the defendant municipality from enforcing any provision of its zoning ordinance which prohibits the use of the subject parcel for apartment house buildings is too broad in scope. In effect, it would prevent the

municipality from amending the zoning ordinance in the future with respect to the district in which plaintiff's parcel is located, even though the amendment might be constitutional as applied to the parcel. Thus, such direction constitutes an impermissible rezoning of the parcel by the courts (see *Emjay Props. v Town of Brookhaven,* 42 AD2d 907). Mollen, P. J., Hopkins, Titone and Hawkins, JJ., concur.