OPINION OF THE COURT
Joseph Harris, J.
This is an appeal from a judgment of the Town Court of the Town of Coeymans (Hon. Edward F. Jones, J.) convicting appellant of four counts of violating the Town of Coeymans zoning ordinance and one count of violating Local Law No. 2 of 1970, for operating a junkyard upon his land. Defendant was ordered to remove all junk from his premises and to cease and desist operation of his junkyard. The judgment orders a $50 fine for each week defendant remains in violation of the court order beyond 30 days of the date of the order. Said order has been stayed by this court until determination of this appeal.
The primary issue is whether appellant’s junkyard constitutes a nonconforming use — i.e., a use of land which lawfully existed prior to the effective date of a valid restrictive zoning ordinance. A determination of this issue requires a discussion of the history of the Coeymans zoning ordinance.
Appellant purchased his land in 1970 and since such time has operated a junkyard thereon. There is no question under the facts that this use violates the zoning ordinance as enacted and if this use is not in law a nonconforming use the judgment appealed from must be affirmed.
Appellant argues that the Coeymans zoning ordinance was invalid ah initio and totally inoperative until the effective date of a "curative” statute enacted by the New York State Legislature, June 19, 1978. (L 1978, ch 377.) He further argues that the curative statute is prospective only and not retroactive. Thus he contends that when he purchased his property in 1970 it was lawful for him to operate a junkyard and that this use became on June 19, 1978 a valid and lawful nonconforming use. The Town of Coeymans, on the other hand, argues that the 1978 curative statute should be construed retroactively so as to validate the zoning ordinance as of the date of *591 its actual enactment in 1961, in which case the junkyard would be presently in direct violation of the ordinance.*
The Town of Coeymans zoning ordinance was originally enacted on August 15, 1961. In Town of Coeymans v Boomer (Town of Bethlehem Justice Court, July 18, 1977, Rice, J.), the court found the ordinance to be invalid upon the ground that the town failed to comply with certain requirements mandated by section 264 of the Town Law, which governs the procedure a town must follow in enacting a zoning ordinance. The requirements not adhered to were ministerial in nature and not jurisdictional or such as would be required by due process. The Boomer decision was not appealed. Instead the Town of Coeymans made a home rule request to the New York State Legislature which in 1978 enacted a "curative and validating” statute which "legalized, ratified, confirmed and validated” the zoning ordinance of 1961 (L 1978, ch 377). The effective date of this curative statute was June 19, 1978. This curative statute is a valid statute, however, it does not specify whether it is to be retroactive or prospective only.
Initially this court holds that the Coeymans zoning ordinance when originally enacted in 1961 was invalid and inoperative because of procedural defects in its adoption. The decision of the Town of Bethlehem Justice Court in Town of Coeymans v Boomer is not binding on the Town of Coeymans except as against the defendant Boomer. Nor is the decision controlling upon this court. However, it would appear from the fact that the Boomer case was not appealed, and that instead thereof the Town of Coeymans sought by a home rule request a curative statute to validate its zoning ordinance, that the Town of Coeymans concedes the initial invalidity of said ordinance.
The next inquiry is whether the curative statute validates the Coeymans zoning ordinance retroactively to the date of enactment of said ordinance in 1961 or prospectively only from the effective date of the curative statute, June 19, 1978.
At the outset it must be noted that the law clearly favors the prospective interpretation of a statute and that it initially takes a "clear expression of the legislative purpose * * * to justify a retroactive application” (Gleason v Gleason, 26 NY2d *592 28, 36; Jacobus v Colgate, 217 NY 235, 240). The retroactive application of a zoning ordinance to existing uses such as appellant’s raises substantial constitutional questions (see, e.g., Harbison v City of Buffalo, 4 NY2d 553; People v Miller, 304 NY 105); accordingly, it is incumbent upon the courts, if the statutory language permits, to adopt that construction of a statute that will bring it into harmony with the Constitution. (Spahn v Julian Messner, Inc., 21 NY2d 124; 8 NY Jur, Constitutional Law, § 63.)
Curative statutes traditionally constitute an exception to the general rule against retroactive operation. (McKinney’s Cons Laws of NY, Statutes, § 54, subd b.) However, such statutes normally are enacted solely to correct procedural irregularities in the application or enforcement of a statute (as, e.g., irregularities in the procedures utilized in an in rem tax foreclosure), not to correct procedural irregularities in the enactment of a statute or ordinance. To allow retroactive application of the curative statute in the present case would "create” an ordinance at a time when none existed, would confer upon the Town of Coeymans jurisdiction to do something during a period of time it had no jurisdiction to do it, and to divest appellant of a vested right without compensation. If the Town of Coeymans had never in fact enacted a zoning ordinance, appellant would unquestionably have had the right when he purchased his land in 1970 to operate a junkyard, assuming compliance with all other applicable law. In 1970, when appellant bought his land, there was a "die facto” zoning ordinance, but "de jure” invalid. This, is the same as no zoning ordinance at all. (Town of Greenburgh v Bobandal Realties, 10 NY2d 414.) Appellant’s right to use his property is determined by the legal state of facts extant at the time he commenced its use as a junkyard. At that time appellant had the right to operate a junkyard; at least the Town of Coeymans had no right to stop him from doing so. Appellant’s right to use his land as a junkyard is vested, with the same rights and privileges that would be his had this use commenced at a time no restrictive legislation "in fact” existed. A curative statute may not operate to divest retroactively a vested right, only prospectively. (McKinney’s Cons Laws of NY, Statutes, § 54, subd b; Matter of London v Wagner, 22 Misc 2d 360, affd 13 AD2d 479, affd 11 NY2d 762.) Thus the effective date of the Coeymans zoning ordinance insofar as it applies to appellant’s property is June 19, 1978, the effective date of the curative statute.
*593 The next inquiry before the court relates to section 440.01 (G) of the zoning ordinance, that "any automobile wrecking yard or other junkyard which becomes a nonconforming use upon the date of enactment of this ordinance shall, at the expiration of three years from such date, become a prohibited and unlawful use and shall be discontinued.” (Emphasis added.) Since the effective date of the ordinance, as construed herein, is June 19, 1978, appellant’s use is still protected under the three-year amortization period. The court need not decide at this time whether the three-year amortization period is unconstitutional as applied to appellant, and indeed there is no record before this court upon which such a determination could be made. Such amortization periods as involved here are not per se unconstitutional. (Harbison v City of Buffalo, 4 NY2d 553, supra; 9 NY Jur, Constitutional Law, §§ 250-253; 67 NY Jur, Zoning and Planning Laws, §§ 80, 113-116; People v Miller, 304 NY 105, supra.) Their constitutionality in a particular case is a factual question involving the specific impact of such legislation in the specific situation involved, and the determination of such question requires the type of factual inquiry outlined in Harbison (supra). With respect to the instant case it is sufficient to hold, as the court does, that at this time appellant’s junkyard does not violate the Coeymans zoning ordinance. Accordingly, appellant’s convictions herein for violating said ordinance are reversed.
Appellant’s conviction for violating Local Law No. 2 of 1970 is likewise reversed. Said local law provides that there is no violation if keeping abandoned motor vehicles is necessary for the operation of a business enterprise lawfully upon the premises. Since the court holds that appellant’s junkyard does not presently violate the zoning ordinance, there is nothing in the record to show that appellant’s junkyard is other than a lawfully operated business enterprise. The court further notes that Local Law No. 2 of 1970 provides remedially only for removal of the abandoned vehicles kept in violation thereof and does not provide for the levy of a fine. Nor does the Coeymans Town Court have equity jurisdiction (People v Fletcher Gravel Co., 82 Misc 2d 22). Accordingly, the levy of a fine and the order to cease and desist issued by the court below were improper.
The court wishes to make crystal clear that its decision herein is based solely on the specific issue of the applicability herein of the Coeymans zoning ordinance and Local Law No. 2 *594 of 1970. This decision does not in any way decide the applicability herein of any other pertinent or relevant statutory or common-law provisions that may be applicable to the situation involved herein, such as, e.g., contained in section 136 of the General Municipal Law and laws governing nuisance, nor does this decision in any way limit the right of the Town of Coeymans to pursue its perceived grievance through application of such other relevant laws.
Further, the scope of appellant’s use of his property as a junkyard is limited to the extent and manner of such use as same existed on June 19, 1978, the effective date of the zoning ordinance as applicable to appellant. This decision gives him no right, license, or privilege to expand or increase the scope, extent, or manner of such use as it existed on said date.
The judgments of conviction herein are reversed and this case is remitted to the Town of Coeymans Town Court for proceedings consistent with this decision.

 A secondary question also exists, which will be addressed later in this opinion. Section 440.01 (G) of the Coeymans zoning ordinance provides that a nonconforming junkyard use may continue only for a period of three years after the enactment of the ordinance. Appellant contends this three-year amortization period is unconstitutional.