■ In the Matter of ONE PELHAM ROAD COMPANY et al., Respondents, v LEONARD PADUANO et al., Appellants.—In a proceeding pursuant to CPLR article 78 to direct the issuance of a building permit to the petitioners and to enjoin the City of New Rochelle from amending its zoning ordinance until the permit is issued and the petitioners have acquired a vested right by way of a use nonconforming to any future amendment to the city zoning ordinance, the appeal is from a judgment of the Supreme Court, Westchester County (Jiudice, J.), dated June 4, 1985, which granted the petition.

Ordered that the judgment is modified, on the law, by deleting the provision thereof enjoining the City of New Rochelle from proceeding on the proposed zoning ordinance change. As so modified, the judgment is affirmed, without costs or disbursements.

The petitioners are the owners and leaseholders of property located within a CM-1 zone within the City of New Rochelle. A permitted use in a CM-1 district is an "Eating and Drinking Establishment excluding Fast Food Purveyors and Drive-In Restaurants." The petitioners applied for a permit to build an outdoor restaurant on the site. The New Rochelle Bureau of Buildings denied the application on the ground that "[o]pen air dining-cafes are not allowed by right or by Special Permit in a CM-1 Zoned district". We agree with Special Term that the determination of the bureau of buildings was erroneous and that the petitioners were entitled to the permit. Unlike the more restrictive C-3 zone, where the zoning ordinance specifically requires that restaurants be "fully enclosed", there is no provision in the ordinance barring an open-air establishment in a CM-1 district.

However, the court erred when it enjoined the city from considering a proposal to rezone the property for residential use. At this juncture, it cannot be said that the City Council would have in fact approved the proposed amendment or that the rezoning would not be based upon legitimate zoning considerations. Moreover, it has not been shown, and cannot be shown, that the appellants unreasonably delayed action on the petitioners' application, and consequently, the court's reliance on *Matter of Dubow v Ross* (254 App Div 706) was misplaced. Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.