■ EDWARD POSPISIL et al., Respondents, v CHARLES ANDERSON, as Town Clerk of the Town of East Hampton, et al., Appellants

In granting the plaintiffs' motion for a preliminary injunction against the defendants, including the defendant councilpersons constituting the Town Board of the Town of East Hampton, the Supreme Court, Suffolk County, held, *inter alia,* that the plaintiffs were likely to establish that the proposed rezoning was not consistent with any comprehensive plan *(see, Udell v Haas,* 21 NY2d 463). However, it has long been the rule that, absent extraordinary circumstances, the courts will not enjoin the legislative process on the ground that the proposed legislation may be invalid *(Matter of One Pelham Rd. Co. v Paduano,* 123 AD2d 768; *H. Dev. Corp. v City of Yonkers,* 64 AD2d 690). Rather, the aggrieved party must await adoption of the proposed legislation, and thereafter, if it be so advised, challenge the validity of the legislation in a declaratory judgment action *(Matter of One Pelham Rd. Co. v Paduano, supra; H. Dev. Corp. v City of Yonkers, supra; Matter of Davlee Constr. Corp. v Town of Huntington,* 16 AD2d 974; *Udell v McFadyen,* 46 Misc 2d 804).

The plaintiffs argue that extraordinary circumstances exist on this record which warrant the issuance of a preliminary injunction. Specifically, they argue, *inter alia,* that the proposed rezoning would render moot a companion proceeding pursuant to CPLR article 78 wherein they sought a default approval certificate for their final subdivision plat under Town Law § 276 (4). We disagree. The plaintiffs have already prevailed in their companion CPLR article 78 proceeding *(see, Matter of Pospisil v Anderson,* 136 Misc 2d 346), and the right to a default approval certificate pursuant to Town Law § 276

is not contingent upon compliance with zoning ordinances *(see, Matter of Dune Assocs. v Anderson,* 119 AD2d 574).

We have reviewed the plaintiffs' remaining arguments in support of their motion for a preliminary injunction and find them to be without merit. Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur. *[See,* 136 Misc 2d 346.]