(March 12, 1990)

■ JOEL BAUER et al., Appellants, v PLANNING BOARD OF THE VILLAGE OF SCARSDALE et al., Respondents.—In an action for a judgment declaring the application of the defendants Harry and Joy Hershel for "flag lot" subdivision approval to be illegal by virtue of Local Laws, 1988, Nos. 1 and 2 of the Village of Scarsdale, and for an injunction barring the Planning Board of the Village of Scarsdale from considering that application, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered March 8, 1989, which dismissed their complaint, and, *inter alia,* declared that the application was governed by the grandfathering provisions of the newly enacted Local Laws, 1988, No. 2 of the Village of Scarsdale, and entitled to review under the repealed provisions of the village ordinance which had permitted "flag lot" subdivisions.

Ordered that the judgment is affirmed, with one bill of costs

to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiffs' contentions, a temporary restraining order dated December 21, 1987, which was obtained ex parte and barred a public hearing of the Planning Board of the Village of Scarsdale, did not constitute the "law of the case", binding a court of coordinate jurisdiction from subsequently reviewing the merits of the issues involved *(see, Preston Corp. v Fabrication Enters.,* 68 NY2d 397, 402; *Walker Mem. Baptist Church v Saunders,* 285 NY 462, 474; *Papa Gino's v Plaza at Latham Assocs.,* 135 AD2d 74, 77; 7A Weinstein-Korn-Miller, NY Civ Prac ¶¶ 6301.05, 6301.12; 1 Carmody-Wait 2d, NY Prac §§ 2:68, 2:69). It is apparent then, that, in considering the parties' motions for summary judgment in the instant action, the Supreme Court was not bound by any determination made in connection with the prior temporary restraining order. The Supreme Court properly considered both the propriety of that order *(see,* CPLR 6313 [a]; *cf., Pospisil v Anderson,* 140 AD2d 317; *DiFate v Scher,* 45 AD2d 1002), and the plaintiffs' conduct in obtaining it.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Brown, J. P., Rubin, Kooper and Harwood, JJ., concur.