■ Town of Islip, Respondent, v Maria Paliotti et al., Appellants. [601 NYS2d 926] —In an action, *inter alia,* to permanently enjoin the defendants from maintaining billboards on the south side of Sunrise Highway at two locations, one 50 feet east of Waterford Road and the other 350 feet east of Waterford Road, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Doyle, J.) entered December 12, 1990, which granted the plaintiff's motion for a preliminary injunction, and (2) so much of an order of the same court, entered April 8, 1991, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered December 12, 1990, is dismissed, without costs or disbursements, as that order was superseded by the order entered April 8, 1991, made upon reargument; and it is further,

Ordered that the order entered April 8, 1991, is reversed insofar as appealed from, on the law, without costs or disbursements, the order entered December 12, 1990, is vacated, and the plaintiff's motion for a preliminary injunction is denied.

The defendants have maintained two billboards on separate parcels of property located on the south side of Sunrise Highway in the Town of Islip. In 1979, the Town amended its zoning ordinance to essentially prohibit the maintenance of commercial billboards which advertise a "product, service or establishment which is not the principal product, service or establishment found on the property" (Islip Town Code § 68-

396 [6]; *see,* Islip Town Code §§ 68-402, 68-395 [A]). All nonconforming signs were to be phased out by the end of 1985 *(see,* Islip Town Code § 68-401 [4]). The 1979 amendments were thereafter struck down in their entirety by the Federal courts on the ground that certain inseverable provisions thereof were unconstitutional *(see, National Adv. Co. v Town of Babylon,* 703 F Supp 228, *mod on other grounds* 900 F2d 551, *cert denied* 498 US 852). The Town again amended its ordinance in 1990 to correct the constitutional infirmities but failed to include any amortization provision. The Supreme Court, Suffolk County, granted the Town's motion for a preliminary injunction to enjoin the continued maintenance of the defendants' billboards under the 1990 amendments to the zoning ordinance.

The defendants argue, *inter alia,* that the court erred in granting the preliminary injunction since, due to the lack of an amortization clause, the 1990 amendments are invalid as applied to their billboards. The Town argues essentially that the defendants have already benefited from the six-year period contained in the 1979 amendments and, therefore, may not continue to use their billboards.

The general rule is that a statute or part of a statute found to be unconstitutional is void ab initio *(see,* 20 NY Jur 2d, Constitutional Law, § 83; *Matter of Del Valle,* 126 Misc 2d 78, 81). The practical effect of the Federal courts' decisions striking down the 1979 amendments as being unconstitutional, therefore, was to restore the law to its pre-1979 status *(see, H. Dev. Corp. v City of Yonkers,* 64 AD2d 690; *Town of Coeymans v Malphrus,* 100 Misc 2d 589; *Matter of Davlee Constr. Corp. v Town of Huntington,* 33 Misc 2d 431, *affd as mod* 16 AD2d 974). Thus, the defendants' billboards were legally permitted during the entire period of time and did not become nonconforming until the 1990 amendment to the ordinance. However, in the absence of a clause in the 1990 amendment to provide for a reasonable amortization period, the Town may not rely upon the 1990 amendment to immediately terminate the defendants' nonconforming uses *(see, Matter of Harbison v City of Buffalo,* 4 NY2d 553; *People v Miller,* 304 NY 105, 107). Moreover, since the 1979 amendments were void ab initio, there is no six-year amortization period for the Town to look back on *(see also, Town of Islip v Caviglia,* 73 NY2d 544, 560 [as a general rule, zoning ordinances are to be applied prospectively and not retroactively]).

Accordingly, since it does not appear that the Town may immediately terminate the continued maintenance of the

defendants' billboards as nonconforming uses, the Town is not entitled to injunctive relief. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.