■ BUILDING CONTRACTORS ASSOCIATION, INC., et al., Appellants, v STATE OF NEW YORK et al., Respondents, and NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, INC., et al., Intervenors-Respondents. [630 NYS2d 557] —In an action for a judgment declaring General Municipal Law § 101 unconstitutional and for injunctive relief, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Brucia, J.), entered July 19, 1993, which is in favor of the defendants and the intervenors-defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed with one bill of costs to the respondents and intervenors-respondents appearing separately and filing separate briefs.

The plaintiffs, a group of building contractor associations, labor unions, and local government associations, brought this action challenging the constitutionality of General Municipal

Law § 101, which requires separate specifications and bidding for certain types of work performed in the construction of public projects. The Supreme Court dismissed certain causes of action and granted summary judgment in favor of the defendants and the intervenors-defendants on the remaining causes of action, concluding that General Municipal Law § 101 is a general law that addresses a valid and substantial State concern and that it violates neither the Home Rule provisions of the State Constitution nor the Equal Protection Clauses of the State and Federal Constitutions.

The presumption that an act of the Legislature is constitutional may be overcome only by proof persuasive beyond a reasonable doubt (see, Hotel Dorset Co. v Trust for Cultural Resources, 46 NY2d 358, 370). The Supreme Court properly rejected the plaintiffs' contention that this legislation was enacted for the purpose of favoring certain interests within the construction industry. It has been recognized that the provisions of General Municipal Law § 101 are intended to obtain the best value for the taxpayers (see, Depot Constr. Corp. v City of New York, 46 NY2d 859, 861). Accordingly, the State has a valid and substantial interest in regulating public works contracts to the extent of requiring separate specifications and bidding for the types of work enumerated in General Municipal Law § 101 (see, Matter of Town of Islip v Cuomo, 64 NY2d 50, 56; Matter of Kelley v McGee, 57 NY2d 522, 538; Wambat Realty Corp. v State of New York, 41 NY2d 490, 494; Floyd v New York State Urban Dev. Corp., 33 NY2d 1, 7).

Nor did General Municipal Law § 101 become a special law rather than a general law because of the amendments that permitted delegation of supervision for the construction of a sports stadium in Erie County and a civic center in Albany County, since those amendments did not exempt those counties from the statute's separate-contracts requirement. Finally, the plaintiffs' Equal Protection challenge must fail since there is a rational basis for the statutory classifications insofar as the separate contracts requirement applies to special types of work that, as a rule, are subcontracted by general contractors (see, Maresca v Cuomo, 64 NY2d 242, 250; New York State Socy. of Enrolled Agents v New York State Div. of Tax Appeals, 161 AD2d 1, 8). Bracken, J. P., Pizzuto and Krausman, JJ., concur.

Hart, J., dissents and votes to reverse the judgment appealed from and remit the matter to the Supreme Court, Nassau County, for a hearing with the following memorandum. I respectfully dissent. Whether General Municipal Law § 101 presently passes State constitutional muster is a question that

should be determined after a full hearing. The fact that a statute has existed for any length of time, without constitutional challenge, does not compel the conclusion that it is valid and constitutional in perpetuity (see, *Shapiro v City of New York,* 32 NY2d 96; *Lawrence v State Tax Commn.,* 286 US 276; *cf.,* McKinney's Cons Laws of NY, Book 1, Statutes § 72). To hold otherwise would be to immunize all such legislation from judicial review, a proposition without support in case law or statute.

If the statute under scrutiny addresses a matter of substantial State concern, it would not violate NY Constitution, article IX, § 2 (b) (2), Municipal Home Rule Law § 10 (1), or Statute of Local Governments § 10 and therefore, it would pass constitutional muster (see, *Matter of Kelley v McGee,* 57 NY2d 522; *Adler v Deegan,* 251 NY 467). Contrariwise, if a significant State interest does not exist, the statute is violative of the aforementioned provisions and, as a general rule, the statute is void *ab initio* (see, *Town of Islip v Paliotti,* 196 AD2d 648).

The question at bar is not whether the concept of a substantial State concern supports immunization from Home Rule strictures, but rather whether the specific statute in question addresses such a concern.

General Municipal Law § 101 (1) mandates a fractionalized bidding process as the method by which political subdivisions in New York State let certain contracts for municipal improvements. The statute requires that separate specifications for public construction projects be performed for "a. Plumbing and gas fitting; b. Steam heating, hot water heating, ventilating and air conditioning apparatus; and c. Electric wiring and standard illuminating fixtures", thus mandating that a local municipality solicit separate bids from the listed trades, rather than doing so through one general contractor, who would then manage the planned construction.

Whether General Municipal Law § 101 addresses a substantial State concern is called into question by the relatively recent exemption of various entities from the balkanized bidding requirements (see, *Matter of Jacobs,* 98 NY 98; *Matter of Spielvogel v Ford,* 1 NY2d 558, 562, *appeal dismissed* 352 US 957). The fact that certain projects were exempted from the provisions of the statute is evidence that General Municipal Law § 101 does not address a substantial State concern, thus rendering it an improper intrusion on the Home Rule provision of the NY Constitution. Whether the amendments to the statute nullified any substantial concern the State had in originally promulgating General Municipal Law § 101 is a question which can only be determined after a full hearing.

The second basis upon which I would reverse concerns the question of whether or not General Municipal Law § 101 is a general law (see, McKinney's Cons Laws of NY, Book 1, Statutes § 32 [b], [c], [e]). In my opinion the 1972 and 1985 amendments, exempting the Counties of Erie and Albany from compliance with the statute in connection with certain construction projects, is a reasonable basis upon which to find that the law does not qualify as a general law because it fails to uniformly embrace in its purview all political subdivisions throughout the State (see, McKinney's Cons Laws of NY, Book 1, Statutes § 32 [c]; Matter of Radich v Council of City of Lackawanna, 93 AD2d 559, affd 61 NY2d 652; Matter of Henneberger, 155 NY 420; Ferguson v Ross, 126 NY 459). Such an exemption is clearly a matter of special treatment.

Moreover, contrary to the arguments of the majority, the aforementioned amendments do not merely permit a construction manager to facilitate the projects. Clearly the amendments are meant to immunize or exempt, rather than to facilitate, and therefore, result in special treatment for the counties named.

For these reasons, I would reverse the judgment appealed from and either direct a hearing on the question of whether General Municipal Law § 101 addresses a substantial State concern or grant summary judgment to the plaintiffs on the basis that the 1972 and 1985 amendments to the statute created a special law.