■ In the Matter of BRIAN GREENE, Respondent, v BOARD OF ZONING APPEALS OF THE CITY OF ITHACA, Appellant, et al., Respondent. (And Another Related Proceeding.) [700 NYS2d 299] —Graffeo, J. Appeals (1) from a judgment of the Supreme Court (Relihan, Jr., J.), entered April 28, 1999 in Tompkins County, which, *inter alia,* in a proceeding pursuant to CPLR article 78, dismissed the petition as moot, and (2) from a judgment of said court, entered April 28, 1999 in Tompkins County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Zoning Appeals of the City of Ithaca declaring that petitioner had lost his rights to a nonconforming use.

Petitioner is the owner of a three-bedroom house in the City of Ithaca, Tompkins County, which also contains a basement studio apartment. Although the residence was located in a single-family dwelling zoning district, petitioner retained grandfathered rights as an owner-occupied two-family residence on the condition that he was to continue to physically occupy the premises. Petitioner, a professor at Cornell University, resided in the house until August 1996, at which time he accepted a one-year teaching position at Columbia University. Before moving to New York City, he consulted with Ithaca's Building Department and was advised that he could rent both units, notwithstanding the owner-occupancy requirement, as long as his absence did not exceed 18 months. Thereafter, petitioner took a leave of absence from Cornell and intermittently spent time at his Ithaca residence.

Based on complaints from neighbors that petitioner was renting both units of his house, Ithaca's Building Commissioner commenced an investigation, which culminated in a letter to petitioner dated March 6, 1998, wherein petitioner was informed that he was in violation of the zoning ordinance and that his house could be used only as a single-family dwelling. However, the Commissioner acknowledged that the Building Department had indicated to petitioner that he could rent both units for a period of 18 months without affecting his right to his nonconforming use. Petitioner responded, stating that although he did not reside at the premises during the 1996-1997 school year, he resumed full-time occupancy on July 1, 1997

and continued his residency through the end of August 1997. Thereafter, he resided at his home at least eight days per month through April 1998 and resumed full-time occupancy for the entire summer of 1998. In light of this information, the Commissioner reversed his decision, concluding that petitioner was an owner-occupant and had not relinquished his right to use the dwelling as a two-family residence.

The complaining neighbors appealed to respondent Board of Zoning Appeals of the City of Ithaca (hereinafter respondent) and a hearing was conducted in September 1998. Respondent, applying a local City of Ithaca ordinance effective August 24, 1998, determined that petitioner had abandoned his nonconforming use because he had not resided full time at the residence since August 1996. This prompted petitioner to commence a CPLR article 78 proceeding to annul respondent's decision, but prior to Supreme Court's decision he was granted a rehearing in December 1998. Respondent adhered to its original determination, which resulted in a second CPLR article 78 petition. Supreme Court dismissed the initial proceeding as moot and granted petitioner's second petition on the basis that petitioner was an owner-occupant as defined by the ordinance in effect prior to August 1998. Respondent now appeals.

The pivotal issue on these appeals is whether Supreme Court was correct in applying the local ordinance in effect prior to the adoption of the August 1998 amendment. Pursuant to the earlier ordinance, a dwelling was characterized as "owner-occupied" if the owner maintained at least one of the units as a full-time residence, "except for temporary absences not to exceed 18 months in any five-year period. Longer absences will result in loss of any vested rights to use the building as an owner-occupied dwelling and will cause the property to revert to single-family status" (City of Ithaca Municipal Code § 325-3). The August 1998 amendment to the ordinance modified the definition to provide that an "owner" was a "person who maintains his/her principal residence in property for more than six months of each calendar year" (City of Ithaca Municipal Code § 325-3).

Respondent claims that the latter ordinance is applicable because it was effective at the time Supreme Court rendered its decision in March 1999. We disagree. Generally, statutes and ordinances are to be applied prospectively, including those ordinances involving issues of zoning (*see*, *Matter of Town of Islip v Caviglia*, 73 NY2d 544, 560-561; *Town of Islip v Paliotti*, 196 AD2d 648, 649). Here, the new ordinance did not become effective until August 24, 1998. The relevant period of time in

controversy with respect to petitioner's residential occupancy began in 1997 and continued until the Commissioner's determination in June 1998, which coincided with petitioner's resumption of full-time residency in the summer of 1998. Under these circumstances, we conclude that the statute in effect prior to August 24, 1998 set forth the appropriate standard to apply in determining whether petitioner was an "owner-occupant" within the meaning of the City's ordinance (*cf.*, *Matter of Saglibene v Baum*, 246 AD2d 599, 600; *Matter of Criscione v City of Albany Bd. of Zoning Appeals*, 185 AD2d 420, 420-421). Accordingly, Supreme Court's decision that petitioner retained his nonconforming use rights to maintain his house as a two-unit residence by virtue of its status as an owner-occupied dwelling* was correct. Additionally, we find that petitioner did not forfeit his right to his nonconforming use pursuant to City of Ithaca Municipal Code § 325-33 because he did not cease "nonconforming use for a period of twelve (12) successive calendar months".

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgments are affirmed, with costs.

---

* On appeal, respondent does not argue that petitioner's house was not owner-occupied under the earlier ordinance.