OPINION OF THE COURT
Joseph R. Glownia, J.
In this action, plaintiffs challenge the 2008 amendments to certain statutes, collectively referred to as the Wicks Law. In general terms, these statutes require that public entities undertaking public work projects prepare separate bid specifications and award separate contracts for four subdivisions of work if the projects cost over a threshold amount.
The amendments at issue increased the previous $50,000 threshold to $500,000 in most of the State’s counties. They raised the threshold to $1.5 million in the three counties of Nassau, Suffolk and Westchester, and to $3 million in the five counties of New York City. These amendments also specified that, regardless of the project amount, subdivided awards were not required where a “project labor agreement” (PLA) existed, that is, a prenegotiated collective bargaining agreement which all bidders for contracts were required to abide by. The amendments also required that contractors dealing with projects over the above dollar thresholds and where a PLA was in place participate in apprenticeship programs approved by the New York State Department of Labor (DOL) for at least three years, have graduated at least one apprentice over that period of time, have at least one apprentice currently enrolled, and have made significant efforts to attract and retain minority apprentices as determined by DOL-established affirmative action goals.
Plaintiffs’ complaint challenges the 2008 amendments on numerous grounds, but does not challenge the Wicks Law itself.
The two main purported claims are that the different increased threshold amounts for eight counties under the 2008 amendments make these amendments a “special law” which under the New York State Constitution requires a “home rule” request from a local government, and that the apprenticeship provision discriminates against out-of-state, minority-owned, women-owned, nonunion and other contractors.
A brief review of the history of the Wicks Law statutes themselves (found in General Municipal Law §§ 101 and 103, State Finance Law §§ 135 and 144, Labor Law § 222 [2] [e], and Public Housing Law § 151-a) reveals that over the years since *457 1912 an ever-increasing threshold amount for both the subdivided and general competitive bidding categories has occurred.
In the motion before this court, the codefendants move to dismiss 21 causes of action asserted in a common complaint by no less than nine plaintiffs.
The first cause of action asserted in the complaint alleges that the 2008 amendments “were enacted unlawfully .... and are unconstitutional because their differential thresholds were not approved under the Home Rule Provision of the New York State Constitution.”
The home rule provision itself is found in article IX, § 2 (b) of the NY Constitution. It requires the State Legislature “to act in relation to the property, affairs or government of any local government only by general law, or by special law” enacted at the local government’s request. Because no such request was submitted by any local government here, plaintiffs contend that the broad application of the home rule provision invalidates the amendments at hand.
In response to this home rule claim of invalidity, defendants argue, first, that plaintiffs have no standing to complain, and second, that the 2008 amendments were enacted in furtherance of and bear a reasonable relationship to a substantial statewide concern falling outside the purview of the home rule reach.
On both points, this court agrees with defendants, and orders that count one of the complaint must be and is hereby dismissed.
In this case, Erie County and all other plaintiffs are subject to the standard $500,000 Wicks Law monetary threshold which applies in 54 New York State counties, not the higher thresholds which apply in the eight other counties previously mentioned. As such, because plaintiffs are subject to a widely applicable rule and not singled out for special treatment triggering application of the home rule provision, they lack standing.
Additionally, this court finds that the 2008 amendments were enacted in furtherance of and bear a reasonable relationship to a substantial statewide concern which concern falls within the State Legislature’s purview and must be accorded great deference by this court. (Patrolmen’s Benevolent Assn. of City of N.Y. v City of New York, 97 NY2d 387, 388 [2001]; Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth., 88 NY2d 56, 67 [1996]; Building Contrs. Assn. v State of New York, 218 AD2d 722 [1995].)
In setting higher thresholds for eight counties as it did, the Legislature reasonably, and in a way related to the State’s *458 purpose, took into account that large construction projects are significantly more common and labor costs for contractors are significantly higher in those counties than elsewhere in New York State. To set higher dollar thresholds downstate was clearly within the Legislature’s discretion and that act by the Legislature in implementing the 2008 amendments will not be interfered with by this court.
Turning then to the remaining 20 causes of action set forth in plaintiffs’ complaint, although they find a multiplicity of denominations (privileges and immunities [2, 3], Dormant Commerce Clause [4, 5], taxpayer [6], equal protection [7-18], and substantive due process [19-21]), it should be noted that they all share a common thread — namely, plaintiffs’ assertion that the 2008 amendments require in every instance in all Wicks Law projects, whether a PLA is used or not, participation in DOL-approved apprenticeship programs and that only contractors with their own DOL-approved programs can satisfy the Labor Law § 222 (2) (e) requirement.
Suffice it to say, plaintiffs misread and misinterpret the statute, which narrowly imposes such a requirement limited only to projects on which a PLA is used. Plaintiffs’ urging to the contrary notwithstanding, even DOL disagrees, as evidenced by the letter opinions in this record. In any event, as previously noted, plaintiffs’ statutory construction is flawed and, consequently, causes of action 2 through 21 must be and are hereby dismissed.
In sum, plaintiffs’ complaint must be and is hereby dismissed upon defendants’ motion.