MICHAEL SHAUGHNESSY, Respondent, v. WILLIAM F. HART et al., Individually and Doing Business as HART & SONS, et al., Appellants. JOHN F. SHAUGHNESSY, an Infant, by MICHAEL SHAUGHNESSY, His Guardian ad Litem, Respondent, v. WILLIAM F. HART et al., Individually and Doing Business as HART & SONS, et al., Appellants.— Judgments in favor of infant plaintiff for personal injuries, and of the father for medical expenses and loss of services. The infant was seated on the northerly curb of Highland Avenue in the city of Troy. Defendants' truck came into the street, traveling in an easterly direction and parked at the left curb, a short distance westerly of the point where the infant plaintiff was seated. After a brief visit to a house for laundry the driver returned and started his truck and proceeded still on the northerly (his left) side of the street, striking the boy and causing the injuries. Negligence is charged because of the driver's failure to observe the location of the infant plaintiff before starting the truck and for proceeding on the left side of the road. The evidence sustains the verdict. Judgments affirmed, with one bill of costs and disbursements. All concur.

SACKETT LAKE PROPERTY OWNERS ASSOCIATION, INC., et al., Appellants, v. MAX LEVINE et al., Respondents.— Appeal from a judgment of the Supreme Court entered in the Sullivan County clerk's office March 1, 1944, dismissing the complaint on the merits, with costs. The action seeks to enforce a zoning ordinance of the town of Thompson in an area around Sackett Lake, which restricted all dwellings to one-family houses and forbade the erection or operation of two-family houses or rooming houses. The properties of both plaintiffs and defendants were located in the zoned area. The ordinance was adopted by the Town Board on September 5, 1940, but the publication thereof was defective. In April, 1943, the defendants altered a building on their premises and operated it in a nonconforming manner. The ordinance was not legally published until August, 1943. Judgment affirmed, with costs. All concur. [See post, p. 934.]

MENKES FEUER, INC., Respondent, v. PEOPLES BANK OF JOHNSTOWN, Appellant.— Appeal by the Peoples Bank of Johnstown from a judgment of the Supreme Court, Fulton County, entered in the office of the clerk of said county November 17, 1943, in favor of the plaintiff and against said appellant in the sum of $6,901.26. The evidence amply sustains the determination of the trial court that the payments which the defendant bank made to itself between February 9 and April 5, 1939, inclusive, on account of the Northrup corporation's note indebtedness to it, made by way of charge-offs against the Northrup general bank balance, were preferential and invalid as to plaintiff. There was no evidence that the sums so paid were subject to any valid lien of the bank. Plaintiff had the right to sue and recover thereon in its own name. (See Feuer, Inc., v. Peoples Bank of Johnstown, 261 App. Div. 1118.) Judgment appealed from affirmed, with costs. All concur. [See post, p. 836.]