Froessel, J.
This action stems from an attempt by respondent, Town of G-reenburgh, to enjoin appellants from using two parcels of land (37A and 19A), owned by the corporate appellant, Bobandal Realties, Inc., for purposes allegedly not permitted uses under the town’s present zoning ordinance.
We are presented with the affirmed finding of fact — and it is undisputed—that appellant Bobandal, at the time the present zoning ordinance took effect, was operating a restaurant and bar on parcel 19A and a swimming pool on the adjoining parcel 37A. It is further undisputed that these parcels are situated in a one-family residence district, and that the uses described above are prohibited uses in such a district.
Appellants contend that their prior nonconforming use authorizes the continued use of the property contrary to the provisions of the present ordinance. Respondent, on the other hand, maintains that appellants have never acquired any rights by virtue of their prior use, since such use was at all times in *417 violation of two prior zoning ordinances enacted in 1924 and 1932.
The trial court, however, found, as a matter of fact, that there was no proof in this case that the 1932 ordinance had been posted in accordance with the statutory requirements. The Appellate Division unanimously affirmed this finding of fact, concluding that the 1932 ordinance ‘ ‘ never went into effect, for the purposes of this action, because of lack of proof that such ordinance was ever posted as required by statute ”. Thus the question of whether appellants’ operations prior to the enactment of the 1957 zoning ordinance gave rise to a valid prior nonconforming use depends upon the validity of the 1924 ordinance. Respondent recognizes this for it is expressly stated in its brief that it is no longer pursuing the question of the validity of the 1932 ordinance, but “ stands on the 1924 ordinance ’ ’.
By chapter 218 of the Laws of 1919, a new section 142-a was added to the Town Law. This new section, an enabling act, gave to town boards, for the first time, the power to enact ordinances, rules and regulations for a variety of purposes. Among the diverse subjects covered by this section were: preserving the public peace and good order, animals at large, shade trees, swimming and bathing in open water, vulgar language or conduct, malicious mischief, and keeping of swine and calves. The law concluded with a provision, applicable to all ordinances promulgated under the new section 142-a, that “ Ordinances which the town board may adopt shall be published before they shall go into effect in a newspaper published in the town, if any, and also in such other newspaper or newspapers as may be designated by the town board, and posted in at least three public places in the town. Such ordinances shall take effect ten days after the date of such publication, if any, and posting.” Authority to zone was not included in this section.
By chapter 322 of the Laws of 1922, section 142-a was amended by the addition of a new subdivision 18, which for the first time conferred upon town boards the power to enact zoning ordinances. The new subdivision, consisting of but one paragraph, expressly provided: “ Such ordinance or ordinances [zoning ordinances], however, shall apply only to that portion of such town not incorporated as a village and shall tahe effect from *418 the date of its service as against a person served personally with a copy thereof, certified by the town clerk under the corporate seal of the town, and showing the date of its passage and entry in the minutes.” (Emphasis supplied.)
The trial court, in dismissing the complaint, held that the 1924 ordinance, enacted pursuant to the authority provided by said chapter 322, did not take effect because it had not been personally served upon appellants or their predecessors in title as that act expressly required. He found that respondent had 1‘ conceded on the trial that no such service had been made at any time ”.
In reversing, the Appellate Division held that the 1924 ordinance had been regularly adopted, posted and published, and that personal service was not required to be made before the ordinance could take effect. It held that the personal service permitted by the enabling statute was but an optional method of procedure. Thus the narrow question now before us is whether the 1924 ordinance could validly take effect in the absence of personal service.
In the first place, a mere reading of chapter 322 refutes the Appellate Division’s holding. It is there expressly provided: “ Such [zoning] ordinance * * # shall take effect from the date of its service as against a person served personally with a copy thereof”. There is simply no room for ambiguity in such an explicit command, and certainly no justification for reading it as merely providing an alternative method of procedure. Zoning was then comparatively new and still generally unpopular — indeed, often bitterly opposed (1 Yokely, Zoning Law and Practice [2d ed.], pp. 14-15). It was feeling its way. Its constitutionality was not established by the Supreme Court of the United States until 1926 in Euclid v. Ambler Co. (272 U. S. 365).
Respondent likens the provision in question to one which was contained in the Charter of the City of Glens Falls, and held to require either publication or personal service in lieu thereof (City of Glens Falls v. Standard Oil Co., 127 Misc. 104, 111). That provision, however, enacted in 1925, read as follows (p. 108): “Every ordinance of the common council shall be published in the official paper for two weeks successively, once each week before the same shall take effect, except that the same shall take effect immediately against any person who may *419 be served personally with a copy thereof.” It is thus readily apparent that the Glens Falls Charter expressly provides for alternative methods of procedure by use of the words “ except that ’ ’. Chapter 322 did no such thing, and made mandatory the single requirement of personal service, as a plain reading of the statute makes manifest.
Moreover, it seems clear to us that the new subdivision 18, added to section 142-a by chapter 322 of the Laws of 1922, and consisting of but one paragraph, not only granted towns authority to enact zoning ordinances but, in addition, ‘ ‘ prescribe [d] an independent procedure and was evidently intended to furnish the whole law on the particular subject ” (Matter of Simmons, 130 App. Div. 350, 356, affd. 195 N. Y. 573, affd. sub nom. McGovern v. New York, 229 U. S. 363; Matter of City of Brooklyn, 148 N. Y. 107, 111-112). It was thus an independent self-contained statute despite its addition to section 142-a — the then recently enacted statute which for the first time gave towns power to promulgate ordinances. Had the Legislature intended an optional procedure, as respondent urges and as the Appellate Division held, it could readily have said so, as indeed it did later by section 2 of chapter 714 of the Laws of 1926.
The trial court’s construction of the statute was supported by a contemporary interpretation of it by an outstanding zoning-expert, Mr. Edward M. Bassett, head of the legal division of the Regional Plan Association, and counsel to its zoning committee. Mr. Bassett, in a letter dated April 27, 1926 to the Governor, urging his approval of a comprehensive zoning act (about which more will be said below), stated in part:
“ The only provision in the state law under which towns could heretofore zone is a brief and defective provision contained in the Town Law, section 142-a, Subdivision 18, added by Laws 1922, Chapter 322. No town could safely or adequately pass an ordinance under this defective law:
“ (1) Because the authorities are required to serve the ordinance personally on any property owner sought to be affected by it.” (See, also, Bassett, Zoning, pp. 39-42.)
The proposed act to which Mr. Bassett was referring- was a comprehensive zoning act he had drafted and which was passed by the Legislature in 1926. This statute, chapter 714, added *420 a new article 17-C (§§ 349-0 to 349-w) to the Town Law which, in addition to authorizing towns to enact zoning ordinances, provided for the creation of zoning commissions and boards of appeals, and set forth in detail the procedure to be followed in the enactment of such ordinances. By section 2 of chapter 714 it was provided: “ A zoning ordinance adopted pursuant to the provisions of this chapter shall not become effective until it shall have been published in a newspaper published in the town, if any, * * * and shall have been posted in six public places in such town for not less than ten days. In any specific case, however, such zoning ordinance shall take effect when personal service is made of a copy thereof certified by the town clerk under the corporate seal of the town and showing the date of its passage by the town board.” (Emphasis supplied.) Now, for the first time, an optional method is provided. In addition to the enactment of chapter 714, the Legislature enacted chapter 715, whose subdivisions were substantially the same as those of chapter 714, except that it also expressly repealed subdivision 18 of section 142-a (L. 1922, ch. 322).
In our opinion, the 1926 legislation, repealing the former subdivision 18 with its requirement of personal service, and replacing it with a new provision making personal service but an alternative method of procedure, is clear and convincing evidence that the Legislature itself deemed the former statute as requiring personal service, and knew how to express optional methods of giving notice when it chose to do so. (See, also, 1 Bathkopf, The Law of Zoning and Planning [3d ed., 1960], pp. 8-34, n. 1.)
Finally, further refutation of respondent’s contention that the procedural requirements of subdivision 18 (L. 1922, ch. 322) must be read in connection with those contained in the omnibus provision enacted by chapter 218 of the Laws of 1919 is furnished by the Legislature’s subsequent treatment of these procedural requirements. Just two weeks before the Legislature in 1926 repealed the personal service requirement of subdivision 18 and replaced it with the new procedures calling for personal service as an alternative method of service, it enacted chapter 487, adding a new section 17 to the Town Law. That section detailed the procedural requirements of publication and posting which were to be complied with by towns in the enact *421 ment of ordinances other than zoning ordinances. The section was apparently intended to supersede the omnibus provision in section 142-a enacted by chapter 218 of the Laws of 1919.
This legislative history shows that since 1919 the Legislature has enacted, side by side, two procedures: one for zoning ordinances and one for other ordinances. In light of this treatment, it may not be held, as it was by the Appellate Division, that the procedure made mandatory by chapter 322 of the Laws of 1922 was but a part of, or an alternative to, the procedure prescribed for other ordinances by chapter 218 of the Laws of 1919.
Thus, with both the 1932 and 1924 ordinances out of the case by reason of the procedural defects in their enactment, and with the affirmed finding of fact that appellant Bobandal was operating the restaurant and bar on parcel 19A and a swimming pool on parcel 37A prior to the enactment of the present zoning ordinance, it is clear that appellant’s activities constitute a prior nonconforming use which it is entitled to continue. There is consequently no ground upon which respondent would be entitled to the injunction which it sought, and the complaint should be dismissed.
Accordingly, the judgment appealed from should be reversed, and the complaint dismissed, with costs in this court and in the Appellate Division.