OPINION OF THE COURT
George M. Bergerman, J.
In this action for declaratory judgment with respect to defendant’s zoning ordinance, plaintiff moves for summary judgment.
The property which is the subject of this action is located within defendant Village of Montebello. Prior to the incorporation of the village in May 1986, the land was a part of the Town of Ramapo.
The Town of Ramapo Planning Board granted final approval to the subdivision plan filed for the subject property by *498 plaintiff's predecessor in title on April 16, 1985. All of the conditions in the resolution of final approval were complied with, and the subdivision plan was subsequently filed with the Rockland County Clerk on March 18, 1986. Thereafter, plaintiff constructed certain improvements on the property and conveyed certain land to governmental authorities.
In 1987, following the incorporation of the defendant village, the village passed a zoning ordinance which created a new zoning ordinance category applicable to plaintiff’s property which increased yard requirements and reduced the floor area ratio.
Plaintiff’s action seeks a declaratory judgment declaring that the provisions of the zoning ordinance of the defendant village are not applicable to its property. In support thereof, plaintiff contends that: (1) the approved subdivision plan is statutorily exempt from the subsequent zone change pursuant to Town Law § 265-a and, alternatively, (2) that plaintiff has acquired vested rights in the prior zoning. Defendant maintains that: (1) the provisions of Town Law § 265-a are inapplicable to commercial subdivisions which is what plaintiff has here, and only apply to residential subdivisions and (2) that plaintiff has no vested rights in those portions of the subdivision on which construction has not yet commenced.
The first issue for this court to determine is the applicability of Town Law § 265-a to the case herein.
Town Law § 265-a and Village Law § 7-708 both provide for the exemption of approved subdivision plats from increased lot area and lot coverage requirements of zoning ordinances adopted or amended subsequent to the subdivision plat approval. Defendant concedes that if the statutes apply to the subject property, then the zoning ordinance at issue would not be applicable to the property. However, as previously stated, defendants contend that the statutes only apply to residential subdivisions and, therefore, do not apply to the commercial subdivision which is the subject of this action.
Defendants’ argument is based on language which refers to the interests and difficulties of "home builders”. Additionally, in one place in the statute, there is a reference to lots delineated on a subdivision into "lots for residential use” (Town Law § 265-a [1]).
The court notes that this statute was enacted in 1960. Further, the court is aware that commercial subdivisions are of fairly recent vintage and were extremely uncommon, if *499 they existed at all, in 1960. With that in mind, a review of the legislative history clearly indicates that the concerns behind the enactment to this legislation apply equally, if not more, to commercial subdivisions than to residential ones.
Thus, Governor Rockefeller’s memorandum in approving the legislation states: "The purpose of these bills is to reconcile the interests of home builders and developers who have made financial commitments relying on existing zoning ordinances, and the interests of towns and villages in not being unduly restrained from upgrading zoning requirements.” (I960 McKinney’s Session Laws of NY, at 2064.) The Governor thus refers to both "home builders” and "developers”. But, even more importantly, the interests of commercial developers "who have made financial commitments relying on existing zoning ordinances” are certainly equivalent to those of residential builders. It simply makes no sense to argue that the statute was intended to apply to residential developers and their approved subdivisions and not to commercial developers and their approved subdivisions.
Indeed, the memorandum of Assemblyman Thomas R. Riley in connection with the legislation states: "Its purpose is to stabilize the zoning requirements once a subdivision plat has been approved and builders have purchased the property with intent to develop the area.” (Bill Jacket, L 1960, ch 1060.)
The memorandum goes on to say that "the constant shifting of 'ground rules’ as it were, after a builder or investor has committed substantial resources in land purchase, land planning, engineering, and installation of basic facilities — is unfair and has hampered the builders of the state in their efforts to provide suitable housing for our people.” (Bill Jacket, L 1960, ch 1060 [emphasis in original].)
It is overwhelmingly clear that the concerns behind this legislation are applicable to both residential and commercial properties. As a result, the court finds that the provisions of the zoning ordinances at issue herein are not applicable to plaintiff’s property and plaintiff’s motion is granted.