RAMAPO 287 LIMITED PARTNERSHIP, Respondent, v VILLAGE OF MONTEBELLO, Appellant.

Third Department, April 11, 1991

## APPEARANCES OF COUNSEL

*Warren E. Berbit, Village Attorney (Ira M. Emanuel* of counsel), for appellant.

*Granik Silverman Sandberg Campbell Nowicki Resnik (David W. Silverman* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

Plaintiff commenced this action for a declaration that the provisions of defendant's zoning ordinance do not apply to three lots of its property, which prior to defendant's incorporation in May 1986 were located in the Town of Ramapo, Rockland County. The town's Planning Board (hereinafter the Planning Board) had given plaintiff's predecessor permission to subdivide its property into four commercial lots and had approved the site plan for lot No. 4. After plaintiff purchased the property, defendant enacted zoning regulations which reduced the floor area ratio and increased the front, side and rear yard requirements for plaintiff's property.

Thereafter, pursuant to the Planning Board's approval, plaintiff commenced construction on lot No. 4 and made $1,370,000 in other improvements. Plaintiff submitted preliminary site plan applications to defendant for the remaining lots, but defendant informally rejected the plans as they did not conform to its zoning laws. Accordingly, plaintiff submitted new site plan applications which met the zoning requirements; these plans were approved conditioned on a phased construction schedule.[1]

██ Additionally, plaintiff commenced this action[2] for a declaration that defendant's zoning ordinance does not apply to its property because the approved subdivision plan is statutorily exempt from subsequent zoning changes *(see,* Town Law

---

1. Plaintiff unsuccessfully brought a CPLR article 78 proceeding, separate and distinct from this action, to annul the phased construction condition of approval. Plaintiff did not appeal in that proceeding.

2. Although plaintiff's second plans were approved, this action is not moot. By this action it seeks the right to develop the lots, in conformity with the phased construction mandate, but in accordance with the *town's* zoning ordinance, specifically, the floor area requirements and special permit uses.

§ 265-a [1]), or alternatively that it had acquired vested rights to build in accordance with the town's zoning laws. Plaintiff moved for summary judgment; Supreme Court found in plaintiff's favor and declared the zoning laws inapplicable to plaintiff's property (146 Misc 2d 497). Defendant has appealed.

■ Contrary to the view expressed by Supreme Court, we believe that Town Law § 265-a (1) does not exempt plaintiff's property from defendant's zoning ordinance. The statute, in pertinent part, reads: "[T]he provisions of a zoning ordinance hereafter adopted, and the provisions of a change or amendment hereafter adopted to a zoning ordinance * * * which provisions establish or increase side, rear or front yard or set back requirements in excess of those applicable to building plots under the provisions of the zoning ordinance, if any, in force and effect at the time of the filing of the said subdivision plat [earlier defined as a subdivision plat of land into lots *for residential use]* or first section thereof, shall not, for the period of time prescribed in subdivision two of this section, *be applicable to or in any way affect any of the lots shown and delineated on such subdivision plat*" (emphasis supplied). The unambiguous statutory language exempts only those lots identified for residential use in a subdivision plat filed before the zoning change. To extend this statute to include nonresidential uses would amount to impermissible judicial legislation *(see, Plattsburgh Quarries v Markoff,* 164 AD2d 30, 33).

■ Unquestionably, a developer who improves his property pursuant to original subdivision approval may acquire a vested right in continued approval despite subsequent zoning changes *(see, e.g., Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals,* 152 AD2d 365, 373, *affd* 77 NY2d 114; *Matter of Jaffee v RCI Corp.,* 119 AD2d 854, 856, *lv denied* 68 NY2d 607). But, if the improvements would be equally useful under the new zoning requirements, a vested right in the already approved subdivision may not be claimed based on the alterations *(see, Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals, supra;* 4 Rathkopf, Zoning and Planning § 50.03 [3] [d], at 50-40 [4th ed]).

Plaintiff submitted an affidavit from one of its general partners which averred that the company expended $1,300,000 to improve the lots to conform with the original subdivision approval and also that plaintiff's predecessor had gratuitously conveyed $100,000 worth of land, including road frontage to municipal authorities, for that purpose. The improvements included the following: installing utilities, a traffic signal,

signs, fencing and a detention basin; curbing; and widening and paving roadways. Defendant argued that "most of the expenditures, resulted from the site plan approval of lot 4". Plaintiff responded that "[w]hile it is true that some of the expenditures were required for the construction of Lot 4, each of those facilities was sized and installed to handle all of the other lots as well". Neither parties' motion papers further explain the exact nature of the improvements, which properties they benefited, whether the development was intended to be a single integrated project (see, e.g., Telimar Homes v Miller, 14 AD2d 586, lv denied 10 NY2d 709), nor whether the improvements would have been necessary in any event to meet the new zoning restrictions. As a consequence, it is unclear whether plaintiff acquired vested rights through the conveyance of land and the expenditures made to the land (compare, Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals, supra, at 379). There being a question of fact concerning whether plaintiff acquired a vested right to develop its property in accordance with the town's zoning regulations, summary judgment is inappropriate at this time.

■ ■ Lastly, we find no merit to defendant's remaining arguments. The decision in the previous CPLR article 78 proceeding, which held that defendant did not exceed its authority by conditioning site development plan approval on phased construction, did not necessarily decide that a positive declaration pursuant to the State Environmental Quality Review Act (ECL art 8) would be required if plaintiff did not construct in phases. And, we disagree with defendant's suggestion that plaintiff suffered unclean hands because it allegedly violated its promise to "work cooperatively in harmony with the laws, regulations and ordinances of [defendant]". This language is contained in the recital section of a written stipulation, which was executed well before this litigation began and refers to an unrelated dispute between the parties, one which did not involve any challenge to defendant's zoning laws. It did not forever bind plaintiff from asserting its legal rights.

MIKOLL, J. P., LEVINE, MERCURE and CREW III, JJ., concur.

Judgment reversed, on the law, without costs, and motion denied.