■ SUBDIVISIONS, INC., et al., Appellants, v TOWN OF SULLIVAN et al., Respondents. [905 NYS2d 367]—

Egan Jr., J. Appeals from an order and an amended order of the Supreme Court (Cerio, J.), entered November 17, 2009 and January 25, 2010 in Madison County, which, among other things, granted a motion by defendant Town of Sullivan Zoning Board of Appeals to intervene and denied plaintiffs' motion for summary judgment.

This action involves a zoning dispute regarding whether plaintiffs are entitled to nonconforming use status for an 80-acre parcel of vacant land located on County Route 23, commonly known as Quarry Road, in the Town of Sullivan, Madison County and formerly used as a quarry (hereinafter the subject parcel). Historically, mining was conducted at both the subject parcel, which lies on the east side of Quarry Road, and another parcel, which lies on the west side of Quarry Road. The subject parcel was mined in the 1800s for limestone blocks used in the construction of the Erie Canal and local churches. Around

the turn of the century, a railroad spur was built to the area, but routed through the west side quarry. As a result, mining continued there while the subject parcel was relegated for timber production and as the site of miners' houses and a sawmill. At present, the subject parcel is used for the growing of hay, although the original mine face and one of the old miner's houses can still be found. For many years, both properties were owned by Worlock Stone Company, Inc.

In 1977, pursuant to New York State's then recently enacted Mined Land Reclamation Law (*see* L 1974, ch 1043, adding ECL 23-2701 *et seq.*), Worlock Stone submitted an application to the Department of Environmental Conservation for a mining permit, which included a reference to the subject parcel as reserve land being farmed. In the 1990s, the west side parcel was sold to Santaro Companies and then to Callahan Industries, while the subject parcel was transferred in 1992 to James K. Johnson, who in turn conveyed it to plaintiff Subdivisions, Inc. in 2004. Johnson is an officer and shareholder of Subdivisions. In 2004, plaintiff J.B. Quarry, Inc. applied for a mining permit for the subject parcel from the Department of Environmental Conservation; the permit was granted in 2006.

In the midst of separate ongoing litigation between the parties regarding whether plaintiffs were entitled to a special use permit and whether mining is a permitted use under the applicable zoning law, plaintiffs commenced this action seeking, among other things, a declaration that all of the zoning restrictions applicable to mining are void as against plaintiffs. After issue was joined, plaintiffs moved for summary judgment. Defendant Town of Sullivan opposed the motion and cross-moved seeking dismissal of the action. Defendant Town of Sullivan Zoning Board of Appeals (hereinafter ZBA) moved to intervene. In an order and amended order, Supreme Court granted the ZBA's motion, and denied both plaintiffs' motion for summary judgment and the Town's cross motion seeking dismissal of the complaint. Plaintiffs now appeal from both orders, and we affirm.

Initially, we are unpersuaded that Supreme Court erred in granting the ZBA's motion to intervene. CPLR 1012 (a) (2) permits intervention when the representation of the person seeking to intervene "is or may be inadequate" and that person "is or may be bound by the judgment." "[W]hether [a] movant will be bound by [a] judgment within the meaning of [CPLR 1012 (a) (2)] is determined by its res judicata effect" (*Vantage Petroleum, Bay Isle Oil Co. v Board of Assessment Review of Town of Babylon*, 61 NY2d 695, 698 [1984]). CPLR 1013

provides for intervention in the court's discretion "when the person's claim or defense and the main action have a common question of law or fact." Here, it is the ZBA that is charged with the interpretation and application of the Town's zoning ordinance (*see* Town Law § 267-b [1]; Town of Sullivan Zoning Ordinance, art V, § 10; art VI, § 16-17). A determination in this action would clearly bind the ZBA, especially in light of pending matters involving overlapping issues related to how the subject parcel is zoned and what activities are permitted thereon.* Accordingly, based on these facts and the lack of prejudice to plaintiffs (*see Berry v St. Peter's Hosp. of City of Albany*, 250 AD2d 63, 69 [1998], *lv dismissed* 92 NY2d 1045 [1999]), we find that Supreme Court properly granted the ZBA's motion to intervene (*see Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d 840, 843 [2009]).

We are likewise unpersuaded that Supreme Court erred in denying plaintiffs' motion for summary judgment. "The primary purpose of [a] declaratory judgment[ ] is to adjudicate the parties' rights before a 'wrong' actually occurs in the hope that later litigation will be unnecessary" (*Klostermann v Cuomo*, 61 NY2d 525, 538 [1984] [citation omitted]). While under appropriate circumstances, summary judgment may lie within the confines of a declaratory judgment action (*see Russell v Town of Pittsford*, 94 AD2d 410, 412 [1983]), the test of its applicability is no different than in any civil action.

Here, plaintiffs contend that they are entitled to a declaration in their favor because they demonstrated that they engaged in quarry operations and obtained mining permits for the property before zoning restrictions were put in place. Generally, "prior nonconforming uses in existence when a zoning ordinance is adopted are . . . constitutionally protected even though an ordinance may explicitly prohibit such activity" (*Buffalo Crushed Stone, Inc. v Town of Cheektowaga*, 13 NY3d 88, 97 [2009]; *see Glacial Aggregates LLC v Town of Yorkshire*, 14 NY3d 127, 135 [2010]; *People v Miller*, 304 NY 105, 107 [1952]). In the mining industry, prior nonconforming use status may be extended to unquarried portions of real property if the landowner can sufficiently demonstrate that, prior to the passage of a restrictive zoning law, it or its predecessors engaged in substantial quarrying activities on a portion of the property

---

* In 1957, the Town adopted a zoning ordinance permitting, with a special use permit, excavation of mineral deposits in areas zoned agricultural. In 1979, the Town adopted a zoning ordinance that amended, among other things, district boundaries and also set forth certain changes to the uses permitted by a special permit in areas zoned agricultural.

with the intention to do the same on other unquarried portions of the property (*see Buffalo Crushed Stone, Inc. v Town of Cheektowaga*, 13 NY3d at 98; *Matter of Syracuse Aggregate Corp. v Weise*, 51 NY2d 278, 286 [1980]). Thus, to be entitled to a declaratory judgment voiding the Town's zoning restrictions with respect to the subject property, plaintiffs "must establish specific actions constituting an overt manifestation of [their] intent to utilize the property for the ascribed purpose at the time the zoning ordinance became effective" (*Buffalo Crushed Stone, Inc. v Town of Cheektowaga*, 13 NY3d at 98; *see Matter of Syracuse Aggregate Corp. v Weise*, 51 NY2d at 284-285). "[A] mere contemplation of purpose, lacking supportive evidence of undertakings to effectuate such intentions, will not suffice" (*Buffalo Crushed Stone, Inc. v Town of Cheektowaga*, 13 NY3d at 98).

Here, while there is evidence that the subject parcel was used for mining in the 1800s to, among other things, supply material for the construction of the Erie Canal, it is unclear when it was last actively mined. Since then the subject parcel was used for housing, logging and, currently, farming. The record is unclear as to what use was in existence on the subject parcel when the zoning ordinances were adopted. Without a specific time frame, plaintiffs' vague statements that actual mining has occurred are insufficient to establish their entitlement to summary judgment (*see Buffalo Crushed Stone, Inc. v Town of Cheektowaga*, 13 NY3d at 99; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Furthermore, while we acknowledge that mining permits present "strong evidence of a manifestation of intent to mine a given area" (*Buffalo Crushed Stone, Inc. v Town of Cheektowaga*, 13 NY3d at 102), based on the history of the use of the property and the absence of any other overt act that would manifest plaintiffs' or their predecessor's intent to mine the subject parcel prior to the adoption of the applicable zoning ordinance, Supreme Court correctly denied plaintiffs' motion for summary judgment (*see Glacial Aggregates LLC v Town of Yorkshire*, 14 NY3d at 138; *Alvarez v Prospect Hosp.*, 68 NY2d at 324). The parties' remaining contentions lack merit.

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order and amended order are affirmed, without costs.