In the Matter of MAR-VERA CORPORATION, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF IRVINGTON, Respondent. [924 NYS2d 458]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Irvington, dated June 23, 2009, which, after a hearing, confirmed the Village Building Inspector's denial of the petitioner's application for a building permit, the petitioner ap-

peals from a judgment of the Supreme Court, Westchester County (Cacace, J.), entered February 23, 2010, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In 1979, the Village of Irvington approved a subdivision plan, allowing the petitioner to construct 27 single family houses and 14 attached townhouses on its 37-acre parcel of property. As a condition of the approval, the petitioner was required to dedicate 12 acres to the Village for public park use. The petitioner built the single family houses, but not the townhouses. In 2000, the petitioner sought a permit to construct the townhouses, but the Village Building Inspector denied the application for a building permit, referencing new zoning ordinances which had been passed since approval of the original site plan with which the petitioner had to comply, including an ordinance requiring site plan approval.

The petitioner appealed the denial to the Village Zoning Board of Appeals (hereinafter the ZBA), which conducted a hearing and thereafter confirmed the Building Inspector's denial of the petitioner's application for a building permit. The Supreme Court denied the petitioner's CPLR article 78 petition to annul that determination and, in effect, dismissed the proceeding. We affirm.

Contrary to the petitioner's contention, it did not establish that its plans were exempt from the new zoning regulations because the lot on which the townhouses were to be built was a legal nonconforming use. "As a general rule, a nonconforming use of real property that exists at the time a restrictive zoning ordinance is enacted is constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance. A party seeking to overcome a restrictive zoning ordinance must demonstrate that the property was indeed used for the nonconforming purpose, as distinguished from a mere contemplated use, at the time the zoning ordinance became effective. Where only part of a parcel has been used for a nonconforming use, a landowner may seek protection for the remaining portion by demonstrating that the use is unique and adaptable to the entire parcel and showing that the landowner took specific actions constituting an overt manifestation of its intent to utilize the property for the ascribed purpose" (*Jones v Town of Carroll*, 15 NY3d 139, 143-144 [2010] [citations and internal quotation marks omitted]; *see Glacial Aggregates LLC v Town of Yorkshire*, 14 NY3d 127, 135 [2010]; *Matter of Syracuse Aggregate Corp. v Weise*, 51 NY2d 278, 284-285 [1980]; *Buffalo Crushed Stone, Inc. v Town of Cheektowaga*, 13 NY3d

88, 98 [2009]). Here, the townhouse lot was never developed or used for 14 townhouses as approved in 1979. Rather, that use and construction were merely contemplated.

The petitioner also failed to establish that it had acquired a vested right to build the townhouses as approved in 1979 (*see generally Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals of Inc. Vil. of New Hempstead*, 77 NY2d 114, 122 [1990]). "[T]here is no fixed formula which measures the content of all the circumstances whereby a party is said to possess 'a vested right.' Rather, it is a term which sums up a determination that the facts of the case render it inequitable that the State impede the individual from taking certain action. Each case must be determined according to its own circumstances" (*Matter of Estate of Kadin v Bennett*, 163 AD2d 308, 309 [1990] [citations and internal quotation marks omitted]). The record supports the ZBA's finding that the dedication of the parkland to the Village at the time of the subdivision approval in 1979 conferred a benefit on the petitioner as well as on the Village, and the ZBA reasonably concluded that the dedication of the parkland, standing alone, under the circumstances presented, did not confer vested rights on the petitioner to develop the townhouse lot in accordance with the 1979 approval. Further, although a developer who improves his property pursuant to original subdivision approval may acquire a vested right in continued approval despite subsequent zoning changes, "where the amended zoning ordinance relates only to lot size or other restrictions with respect to development, and the site improvements made under the original subdivision plat would be equally useful or valuable, a vested right in the subdivision as approved could not be claimed on the basis of those improvements" (*Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals of Inc. Vil. of New Hempstead*, 152 AD2d 365, 373 [1989], *affd* 77 NY2d 114 [1990]; *see Ramapo 287 Ltd. Partnership v Village of Montebello*, 165 AD2d 544 [1991]). Here, the majority of the improvements to the townhouse lot were used for the entire subdivision, and will be useable if the townhouse lot is developed in accordance with the current zoning ordinances.

Accordingly, the ZBA's determination had a rational basis, and was not arbitrary and capricious (*see* CPLR 7803 [3]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]).

Since the ZBA's finding that the petitioner did not have vested rights to develop the townhouse lot in accordance with the 1979 approval was rational and not arbitrary, capricious, or contrary to law, we need not reach the alternative argument of the ZBA

and the Village that the petitioner's vested rights were divested by abandonment and/or by an overriding benefit to the public.

The petitioner's remaining contentions are without merit. Covello, J.P., Chambers, Lott and Miller, JJ., concur.