*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 5, 2015                    518997
_____

In the Matter of COBLESKILL
    STONE PRODUCTS, INC.,
                    Appellant-
                    Respondent,
        v                                    MEMORANDUM AND ORDER

TOWN OF SCHOHARIE et al.,
                    Respondents-
                    Appellants.
_____

Calendar Date:   January 14, 2015

Before:   Peters, P.J., McCarthy, Garry and Rose, JJ.

_____

        Stack Law Office, Syracuse (Rosemary Stack of counsel), for appellant-respondent.

        Young Sommer LLC, Albany (David C. Brennan of counsel), for respondents-appellants.

_____

Peters, P.J.

        Cross appeals from an order of the Supreme Court (Devine, J.), entered August 5, 2013 in Schoharie County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion for partial summary judgment.

        As more fully set forth in our prior decisions in this matter (112 AD3d 1024 [2013]; 95 AD3d 1636 [2012]), petitioner operates a quarry in the Town of Schoharie, Schoharie County, which has been in operation since the 1890s.  Pursuant to respondent Town of Schoharie's 1975 zoning ordinance,

"[c]ommercial [e]xcavation or [m]ining" was a permitted use upon receipt of a special permit from the Town.  In 2000, while this ordinance was in effect, petitioner purchased an additional parcel of real property to the south of the areas that it actively mined.  Petitioner did not apply for a special permit, but sought to amend its Department of Environmental Conservation mining permit to include the new parcel and other adjacent property that it owned which, at that time, was unmined and unpermitted.  During the pendency of that application, the Town adopted a new zoning ordinance, Local Law No. 2 (2005) of the Town of Schoharie (hereinafter Local Law No. 2), which, among other things, prohibited mining in agricultural zones, where petitioner's property is located.

Petitioner then commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking, as is relevant here, a judgment declaring that it has a vested right to quarry as a preexisting nonconforming use under Local Law No. 2 and any subsequently enacted prohibitory zoning amendment. Supreme Court granted petitioner's motion for partial summary judgment on this cause of action.  Upon appeal, this Court reversed Supreme Court's judgment, finding that questions of fact persisted as to whether petitioner had a vested right to mine the southern property (95 AD3d at 1637-1639).  On remittal, respondents moved for partial summary judgment on the same cause of action, alleging that petitioner could not establish a vested right to mine the southern property based on a nonconforming use because it never sought or obtained a special permit, as required by the 1975 zoning ordinance.  Alternatively, respondents argued that the Town nonetheless would have had a rational basis, supported by substantial evidence, to deny any special permit under the Town's 1975 zoning ordinance.  Supreme Court granted respondents' motion for partial summary judgment and dismissed the vested right cause of action,[1] prompting these cross

_____

[1]  After Supreme Court dismissed the vested right cause of action, it issued a judgment deciding some of the remaining causes of action and annulling Local Law No. 2.  As a result, the 1975 zoning ordinance is currently in effect in the Town. Although petitioner applied for a special permit pursuant to this

appeals.[2]

        We reverse.  The Court of Appeals has repeatedly rejected
the notion that "permits are a prerequisite to establishing prior
nonconforming use rights" (Buffalo Crushed Stone, Inc. v Town of
Cheektowaga, 13 NY3d 88, 101 [2009]; see Jones v Town of Carroll,
15 NY3d 139, 144 [2010]; Glacial Aggregates LLC v Town of
Yorkshire, 14 NY3d 127, 137-138 [2010]; see also Subdivisions,
Inc. v Town of Sullivan, 75 AD3d 978, 981 [2010]).  Thus,
although a special permit was required for mining operations
between 1975 and 2005, petitioner's failure to obtain one does
not, as a matter of law, preclude it from establishing that it
has a vested right to mine on its property notwithstanding a
current or future prohibitive zoning ordinance (see id.).
Accordingly, Supreme Court erred in granting partial summary
judgment to respondents dismissing the vested right cause of
action based on petitioner's failure to obtain a special permit
pursuant to the 1975 zoning ordinance.

        Further, we do not find that Supreme Court's subsequent
judgment partially granting the petition and annulling Local Law
No. 2 renders the instant appeal moot.  Should a new zoning
ordinance with the same prohibition against mining be enacted, a
declaration that petitioner had a vested right as against the
earlier law would affect the rights of the parties (see Matter of
City of Glens Falls v Town of Queensbury, 90 AD3d 1119, 1120
[2011]).

        Finally, respondents argue that they are nevertheless
entitled to partial summary judgment on the additional and
alternative ground that the Town would have had a rational basis

_____

ordinance in April 2014, the Town swiftly enacted a moratorium
on, among other things, special permits for mining that remains
in effect.

        [2]  Inasmuch as Supreme Court's order granted respondents'
motion for partial summary judgment, they are not aggrieved and
their cross appeal must be dismissed (see CPLR 5511; Matter of
Covel v Town of Peru, 123 AD3d 1244, 1246 n [2014]).

to deny any special permit under its 1975 zoning ordinance. While respondents request that we remit the matter to Supreme Court to address this alternative argument in the first instance, we decline to do so and instead reach such argument in the interest of judicial economy (see Faler v Haines, 104 AD3d 1120, 1121 [2013]). Notably, the record contains no application for such a permit and, thus, there is no evidence regarding the purported basis upon which the Town could deny such application. Accordingly, respondents' claim in this regard is entirely speculative and nonjusticiable (see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 97 AD3d 1085, 1087 [2012], mod on other grounds 23 NY3d 1 [2014]; see generally Matter of Wal-Mart Stores v Campbell, 238 AD2d 831, 832-833 [1997]; Matter of Dun-Rite Towing v Village of Tarrytown, 215 AD2d 654, 654 [1995]). The parties' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, Garry and Rose, JJ., concur.


ORDERED that the cross appeal is dismissed, without costs.

ORDERED that the order is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court