Matter of Bartz v Village of LeRoy (2018 NY Slip Op 01704)





Matter of Bartz v Village of LeRoy


2018 NY Slip Op 01704


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


14 CA 17-01077

[*1]IN THE MATTER OF RANDOLPH BARTZ, JANE BICKETT, CANDACE BOWER, DAVID BOYCE, ROBERT BOYCE, ELIZABETH BOYCE, JOSEPH CONDIDORIO, JOHN GREEN, JOSEPH MCKAY, STEPHEN MOULTON AND RONALD PAGANIN, PETITIONERS-PLAINTIFFS-APPELLANTS,
v
VILLAGE OF LEROY, ZONING BOARD OF APPEALS OF LEROY, JEFFREY STEINBRENNER, CODE ENFORCEMENT OFFICER, DANIEL LANG, CODE ENFORCEMENT OFFICER, DUZMOR PAINTING, INC., CIRCULAR HILL, INC., PETER MCQUILLEN, JUDITH MCQUILLEN, RESPONDENTS-DEFENDANTS-RESPONDENTS, ET AL., RESPONDENT-DEFENDANT. 






KNAUF SHAW LLP, ROCHESTER (AMY K. KENDALL OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS.
DADD, NELSON, WILKINSON & WUJCIK, ATTICA (JAMES M. WUJCIK OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS VILLAGE OF LEROY, ZONING BOARD OF APPEALS OF LEROY, JEFFREY STEINBRENNER, CODE ENFORCEMENT OFFICER, AND DANIEL LANG, CODE ENFORCEMENT OFFICER.
BONARIGO & MCCUTCHEON, BATAVIA (KRISTIE L. DEFREZE OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS DUZMOR PAINTING, INC., CIRCULAR HILL, INC., PETER MCQUILLEN, AND JUDITH MCQUILLEN. 


 Appeal from a judgment (denominated order) of the Supreme Court, Genesee County (Emilio L. Colaiacovo, J.), entered March 16, 2017 in a hybrid CPLR article 78 proceeding and declaratory judgment action. The judgment denied the "request" of petitioners-plaintiffs to annul the determinations of respondent-defendant Zoning Board of Appeals of LeRoy dated June 3, 2014 and July 9, 2014. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by granting that part of the amended petition/complaint that sought to annul the determination of respondent-defendant Zoning Board of Appeals of LeRoy affirming the issuance of a building permit for a duplex on Lot 18, Fillmore Street, tax map No. 14.-1-116 and granting judgment in favor of petitioners-plaintiffs as follows:
It is ADJUDGED and DECLARED that new duplexes may not be permitted or constructed in the Presidential Acres Subdivision, Part V without a use variance,
and as modified the judgment is affirmed without costs.
Memorandum: In January 1989, the owner of certain property in respondent-defendant Village of LeRoy (Village) sought permission to develop a subdivision. The Village Planning Board approved the application "contingent upon all engineering being accepted by the Village Board and the Village Engineer" and numerous other conditions being met. One of those conditions was that only "25% of new structures to be built may be duplexes (10 homes)." The [*2]property was located in an R-1 zoning district and, at that time, the zoning laws of the Village permitted multifamily dwellings in R-1 districts. The site plan was filed on April 16, 1990 and, on August 17, 1990, the Village Board of Trustees passed Local Law No. 4 of 1990, which revised the Village's zoning laws. Insofar as relevant to this appeal, multifamily residences were no longer permitted in R-1 districts either as a regular use or by special permit. A final site plan, which was different from the initial site plan, was filed on March 8, 1991, and it does not depict any duplexes in the subdivision.
It is undisputed that construction was halted for the better part of a decade and that, once it resumed, the only structures built in the subdivision were single-family homes. Petitioners-plaintiffs (petitioners) are some of the residents who purchased single-family homes in that subdivision, and their contracts provided that the seller warranted that the property was located in an R-1 district. In 2010, the original owner of the property sold the remaining undeveloped lots to respondent-defendant Duzmor Painting, Inc. Respondents-defendants Peter McQuillen and Judith McQuillen are the owners and/or officers of Duzmor Painting, Inc. and admit that they are the record owners of the property. In October and December 2012, Peter McQuillen applied for and obtained two building permits for duplexes in the subdivision. Those duplexes were constructed without incident. Thereafter, in April 2014, respondent-defendant John Gillard as applicant, and Peter McQuillen as owner, applied for and received a building permit for a duplex on Lot 18. Petitioner David Boyce appealed the issuance of the building permit for Lot 18 to respondent-defendant Zoning Board of Appeals of LeRoy (ZBA). By decision dated June 3, 2014, the ZBA affirmed the issuance of the building permit for a duplex on Lot 18, finding that the subdivision, as approved "in 1990," was "vested [inasmuch] as multiple structures [had] been erected since 1990 pursuant to the guidelines of the filed Subdivision."
Petitioners commenced this hybrid CPLR article 78 proceeding and declaratory judgment action, seeking, inter alia, to annul the ZBA's determination concerning the building permit for Lot 18 and challenging the building permits issued in October and December 2012. Petitioners additionally sought a declaration "that new duplexes may not be permitted or constructed in the Subdivision without a use variance."
In 2015, petitioners moved for, inter alia, summary judgment on the petition/complaint (petition), and Duzmor Painting, Inc., Peter McQuillen, Judith McQuillen, and respondent-defendant Circular Hill, Inc. (collectively, private respondents) cross-moved for summary judgment dismissing the petition against them. Supreme Court (Noonan, A.J.) denied petitioners' motion, but granted that part of the private respondents' cross motion seeking dismissal of all claims related to the 2012 building permits on the ground that those claims were time-barred. In addressing whether the ZBA's determination related to the permit for Lot 18 was arbitrary, capricious or otherwise illegal, the court noted that the question "depend[ed] on support for the ZBA's explicit finding that the . . . subdivision, including the ten duplexes approved on January 25, 1989, had vested based upon multiple structures erected in conformity therewith since 1990." The court concluded that "the existing record [did] not eliminate all material factual issues with regard to vesting" and ordered a trial on that issue. Following the trial, the court (Colaiacovo, J.) determined that the ZBA's determination affirming the issuance of the building permit for Lot 18 was not arbitrary and capricious and denied petitioners' "request" to annul that determination.
Petitioners contend that the 2015 order constitutes the law of the case and precluded the trial court from considering any issue other than whether the subdivision had vested because of the erection of multiple structures within the subdivision. We reject that contention. "The doctrine of law of the case provides that, once an issue is judicially determined, it is not to be reconsidered by Judges or courts of coordinate jurisdiction in the course of the same litigation" (Welch Foods v Wilson, 262 AD2d 949, 950 [4th Dept 1999]), and it " applies only to legal determinations that were necessarily resolved on the merits in a prior decision' " (Pettit v County of Lewis, 145 AD3d 1650, 1651 [4th Dept 2016]). Here, the 2015 order denying the motion " established only that . . . there were triable issues of fact' " precluding judgment to either party (Strouse v United Parcel Serv., 277 AD2d 993, 994 [4th Dept 2000]). It did not limit the court's ability to consider other evidence when deciding the ultimate issue whether the ZBA's determination was arbitrary and capricious or irrational (see Caster v Increda-Meal, Inc. [appeal No. 2], 238 AD2d 917, 919 [4th Dept 1997]).
Contrary to petitioners' further contention, the court properly granted that part of the private respondents' cross motion seeking dismissal of the claims related to the 2012 permits. Petitioners did not appeal the issuance of those permits to the ZBA and thus did not exhaust their administrative remedies with respect thereto (see Matter of Henderson v Zoning Bd. of Appeals, 72 AD3d 684, 685-686 [2d Dept 2010], lv denied 15 NY3d 704 [2010]). We have no discretionary power to reach their challenges to the issuance of those permits (see Matter of Nelson v Coughlin, 188 AD2d 1071, 1071 [4th Dept 1992], appeal dismissed 81 NY2d 834 [1993]).
Petitioners contend that the ZBA's determination affirming the issuance of the building permit for a duplex on Lot 18 was arbitrary and capricious. We agree, and we therefore modify the judgment accordingly. In addition, we further modify the judgment by granting the declaration sought by petitioners with respect to Lot 18. "It is well established that [c]ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (Matter of Expressview Dev., Inc. v Town of Gates Zoning Bd. of Appeals, 147 AD3d 1427, 1428 [4th Dept 2017] [internal quotation marks omitted]).
There is no dispute that duplexes are not currently permitted in R-1 zoning districts and, therefore, the private respondents may build a duplex, i.e., a nonconforming structure, only if their right to do so vested. "The New York rule . . . has been that where a more restrictive zoning ordinance is enacted, an owner will be permitted to complete a structure or a development which an amendment has rendered nonconforming only where the owner has undertaken substantial construction and made substantial expenditures prior to the effective date of the amendment . . . Whether rooted in equity or the common law, the operation and effect of the vested rights doctrine is the same and it has been applied alike to a single building or a subdivision" (Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals of Inc. Vil. of New Hempstead, 77 NY2d 114, 122 [1990]). With respect to subdivisions, "a developer who improves his [or her] property pursuant to original subdivision approval may acquire a vested right in continued approval despite subsequent zoning changes . . . But, if the improvements would be equally useful under the new zoning requirements, a vested right in the already approved subdivision may not be claimed based on the alterations" (Ramapo 287 Ltd. Partnership v Village of Montebello, 165 AD2d 544, 547 [3d Dept 1991]; see Matter of Mar-Vera Corp. v Zoning Bd. of Appeals of the Vil. of Irvington, 84 AD3d 1238, 1240 [2d Dept 2011]). Here, the ZBA determined that multiple structures had already been erected, but failed to address whether the improvements on the vacant lots were equally useful under the amended zoning laws. In our view, that failure renders the determination arbitrary and capricious and irrational.
Based on the record before us, we conclude that any improvements on the property would be equally useful to single family residences and, therefore, the private respondents' right to build duplexes in the subdivision has not vested (see Mar-Vera Corp., 84 AD3d at 1240; Matter of Padwee v Lustenberger, 226 AD2d 897, 899 [3d Dept 1996]; Matter of Showers v Town of Poestenkill Zoning Bd. of Appeals, 176 AD2d 1157, 1159 [3d Dept 1991]; cf. Matter of Schoonmaker Homes—John Steinberg, Inc. v Village of Maybrook, 178 AD2d 722, 725 [3d Dept 1991], lv denied 79 NY2d 757 [1992]).
In light of our determination, we do not reach petitioners' remaining contentions.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court