Matter of Cobleskill Stone Prods., Inc. v Town of Schoharie (2019 NY Slip Op 01272)





Matter of Cobleskill Stone Prods., Inc. v Town of Schoharie


2019 NY Slip Op 01272


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

526023

[*1]In the Matter of COBLESKILL STONE PRODUCTS, INC., Appellant,
v
TOWN OF SCHOHARIE et al., Respondents.

Calendar Date: January 7, 2019

Before: Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ.


Stack Law Office, Syracuse (Rosemary Stack of counsel), for appellant.
Young, Sommer, Ward, Ritzenberg, Baker & Moore, LLC, Albany (Kristin Carter Rowe of counsel), for respondents.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Supreme Court (Ferreira, J.), entered September 25, 2017 in Schoharie County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, granted respondents' motion in limine.
The underlying facts and related procedural history — including the detailing of prior motions for summary judgment — are fully set forth in our prior decisions in this matter (126 AD3d 1094 [2015]; 112 AD3d 1024 [2013]; 95 AD3d 1636 [2012]). As is relevant here, petitioner operates a quarry in the Town of Schoharie, Schoharie County, which has been in operation since the 1890s. Pursuant to respondent Town of Schoharie's 1975 zoning ordinance, "[c]ommercial [e]xcavation or [m]ining" was a permitted use upon receipt of a special permit from the Town. In 2000, while the 1975 ordinance was still in effect, petitioner purchased an additional parcel of real property to the south of the areas that it was actively mining (hereinafter the southern property). Petitioner did not apply for a special permit for the southern property, but it did seek to amend its Department of Environmental Conservation (hereinafter DEC) mining permit in January 2005 to include the southern property and other adjacent property that it owned which, at that time, remained unmined and unpermitted. During the pendency of that application, the Town enacted a new zoning ordinance, Local Law No. 2 (2005) of the Town of Schoharie (hereinafter Local Law No. 2), which, among other things, prohibited mining where the southern property is located. Petitioner then commenced this combined CPLR article 78 [*2]proceeding and declaratory judgment action seeking, as is relevant here, a judgment declaring that it has a vested right to quarry as a preexisting nonconforming use under Local Law No. 2 and any subsequently enacted prohibitory zoning amendment.
In February 2014, while an appeal was pending to this Court, Supreme Court (Devine, J.) adjudged Local Law No. 2 to be null and void for noncompliance with certain procedural requirements of the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA])[FN1]. Accordingly, by operation of law, the 1975 ordinance was revived (126 AD3d at 1095 n 1). Although petitioner applied for a special permit pursuant to the 1975 ordinance thereafter, according to respondents, the Town enacted a moratorium on special permits for mining, effective May 2014. Subsequently, in December 2015, the Town enacted Local Law No. 3 (2015) of the Town of Schoharie (hereinafter Local Law No. 3), which again rezoned significant portions of petitioner's property and prohibited commercial mining and excavation.[FN2]
The matter was set for a nonjury trial for March 2018, and the parties each filed motions in limine. As relevant to this appeal, respondents moved to exclude from trial any evidence relating to efforts undertaken or expenses incurred by petitioner after the date that the Town adopted Local Law No. 2 in 2005. In opposition, petitioner argued that the adoption date of Local Law No. 2 should not govern for evidentiary purposes at trial because that ordinance was declared null and void. Supreme Court (Ferreira, J.) granted respondents' motion in full. Petitioner appeals.[FN3]

As background, "prior nonconforming uses in existence when a zoning ordinance is adopted are, generally, constitutionally protected even though an ordinance may explicitly prohibit such activity" (Buffalo Crushed Stone, Inc. v Town of Cheektowaga, 13 NY3d 88, 97 [2009]; see People v Miller, 304 NY 105, 107 [1952]; Matter of Mar-Vera Corp. v Zoning Bd. of Appeals of the Vil. of Irvington, 84 AD3d 1238, 1239 [2011]). "However, to establish a right to a nonconforming use, the person claiming the right must demonstrate that the property was indeed used for the nonconforming purpose, as distinguished from a mere contemplated use, at the time the zoning ordinance became effective" (Matter of Syracuse Aggregate Corp. v Weise, 51 NY2d 278, 284-285 [1980] [citations omitted]; see Buffalo Crushed Stone, Inc. v Town of [*3]Cheektowaga, 13 NY3d at 98; Matter of Mar-Vera Corp. v Zoning Bd. of Appeals of the Vil. of Irvington, 84 AD3d at 1239). As made clear in Matter of Syracuse Aggregate Corp. v Weise (supra), there is a reduced burden in the mining industry due to the unique use of land; "[a]s opposed to other nonconforming uses in which the land is merely incidental to the activities conducted upon it, quarrying contemplates the excavation and sale of the corpus of the land itself as a resource. Depending on customer needs, the land will be gradually excavated in order to supply the various grades of sand and gravel demanded" (id. at 285 [internal citations omitted]). "Thus, to be entitled to a declaratory judgment voiding the Town's zoning restrictions with respect to the subject property, [petitioner] 'must establish specific actions constituting an overt manifestation of [its] intent to utilize the property for the ascribed purpose at the time the zoning ordinance became effective'" (Subdivisions, Inc. v Town of Sullivan, 75 AD3d 978, 981 [2010], quoting Buffalo Crushed Stone, Inc. v Town of Cheektowaga, 13 NY3d at 98; see Matter of Syracuse Aggregate Corp. v Weise, 51 NY2d at 284-285). Also, "although mining permits are not 'a prerequisite to establishing prior conforming use rights,' they are 'nevertheless strong evidence of a manifestation of intent to mine a given area'" (Glacial Aggregates LLC v Town of Yorkshire, 14 NY3d 127, 137-138 [2010] [internal brackets and ellipsis omitted], quoting Buffalo Crushed Stone, Inc. v Town of Cheektowaga, 13 NY3d at 101-102; see Jones v Town of Carroll, 15 NY3d 139, 144-146 [2010]).
Petitioner contends that Supreme Court's finding that the adoption date of the now null and void Local Law No. 2 for the purpose of evaluating its prior nonconforming use rights was erroneous because, after the annulment of Local Law No. 2, the 1975 zoning ordinance was restored and, accordingly, it was not until the Town's 2015 adoption of Local Law No. 3 that petitioner's use became nonconforming for the purpose of its vested rights claim. We agree. Central to petitioner's contention is the general premise that the judicial nullification and voidance of an ordinance revives, by operation of law, the prior ordinance in effect before the null and void law was adopted (see e.g. Matter of New York City Coalition to End Lead Poisoning v Vallone, 100 NY2d 337, 350-351 [2003]; Town of Greenburgh v Bobandal Realties, 10 NY2d 414, 421 [1961]; Matter of Cobleskill Stone Prods., Inc. v Town of Schoharie, 126 AD3d at 1096 n 1). Even more fundamental, a voided law can have no lasting effect (see Sunrise Check Cashing & Payroll Servs., Inc. v Town of Hempstead, 91 AD3d 126, 140 [2011], affd 20 NY3d 481 [2013]; Benigno v Cohalan, 49 AD2d 871, 871 [1975], affd 40 NY2d 880 [1976]). To that end, "a void thing is no thing. It changes nothing and does nothing. It has no power to coerce or release. It has no effect whatever. In the eye of the law it is merely a blank, the same as if the types had not reached the paper" (Standard Engraving Co., Inc. v Volz, 200 App Div 758, 765 [1922]). Therefore, inasmuch as an annulled law can have no lingering effect, petitioner is entitled to have its nonconforming use rights evaluated as of the effective date of the 2015 ordinance, unless, of course, that ordinance is also annulled prior to any such determination (see Town of Greenburgh v Bobandal Realties, 10 NY2d at 421; Town of Islip v Paliotti, 196 AD2d 648, 649 [1993]; Sackett Lake Prop. Owners Assn., Inc. v Levine, 268 App Div 809, 809 [1944]). To hold otherwise would not only give the annulled Local Law No. 2 complete effect, i.e., render mining a nonconforming use in petitioner's zoning district as of the date of the illegally-enacted law, but it would incentivize municipalities to rush to enact local laws with any number of infirmities, including SEQRA violations.
In reaching this conclusion, we have considered respondents' contention that equity or "fairness" plays a role in cases involving prior nonconforming use rights and, thus, it was permissible for Supreme Court, in evaluating petitioner's intent, to consider that petitioner had actual, "full knowledge" of the Town's position on mining as of the date of the now void Local [*4]Law No. 2. We find this contention to be misplaced as it is based upon the conflation of the prior nonconforming use and vested rights doctrines, which, although closely-related and having similar purposes, are distinct (see generally 2 Am Law Zoning §§ 12:10, 12:16 [5th ed]).[FN4]
Establishing a property right based upon a prior nonconforming use is not a question of equity and, instead, involves a limited inquiry — whether a party indeed used, or, in the unique case of mining, intended to use its real property for the nonconforming purpose at the time that the subject restrictive zoning ordinance became effective (see Jones v Town of Carroll, 15 NY3d at 143-144; Glacial Aggregates LLC v Town of Yorkshire, 14 NY3d at 137; Buffalo Crushed Stone, Inc. v Town of Cheektowaga, 13 NY3d at 98; Matter of Syracuse Aggregate Corp. v Weise, 51 NY2d at 285-287; Matter of Mar-Vera Corp. v Zoning Bd. of Appeals of the Vil. of Irvington, 84 AD3d at 1240; Subdivisions, Inc. v Town of Sullivan, 75 AD3d 978 at 905). In contrast, the doctrine of vested rights is partly grounded in equitable estoppel principles (see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 173 n 4 [2002]; Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals of Inc. Vil. of New Hempstead, 77 NY2d 114, 122 [1990]; Matter of Mar-Vera Corp. v Zoning Bd. of Appeals of the Vil. of Irvington, 84 AD3d at 1240); "[t]here is no fixed formula which measures the content of all the circumstances whereby a party is said to possess 'a vested right' . . . [so as to] render it inequitable that the [s]tate impede the individual from taking certain action," and, accordingly, "[e]ach case must be determined according to its own circumstances" (Matter of Mar-Vera Corp. v Zoning Bd. of Appeals of the Vil. of Irvington, 84 AD3d at 1240 [internal quotation marks, brackets and citations omitted]). Analysis of vested rights claims routinely involve evaluation of factors such as the improvements and expenditures made to the property and the degree of loss that would be sustained if no vested right were found (see e.g. Town of Orangetown v Magee, 88 NY2d 41, 47 [1996]; Matter of Fort Independence Park Neighborhood Assn. v Srinivasan, 126 AD3d 422, 423 [2015]). Here, petitioner makes no claim that its rights stem from reliance on the Town's actions, but, instead, alleges facts regarding its intent and efforts to expand its mining operations to the subject parcel. As such, the equitable balancing between petitioner and the Town urged by respondents has no place in the analysis [FN5]
. Therefore, we reverse that part of the order as granted respondents' motion.
Egan Jr., J.P., Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted respondents' motion in limine; said motion denied; and, as so modified, affirmed.



Footnotes

Footnote 1: As the first seven of petitioner's eight causes of action sought relief with respect to the enactment of Local Law No. 2, the vested right cause of action in which petitioner seeks the above declaratory judgment is all that remains.

Footnote 2: Petitioner is challenging Local Law No. 3 in a separate, hybrid CPLR article 78 proceeding and action for declaratory judgment. Inasmuch as petitioner is seeking the same declaration in both hybrid proceedings, Supreme Court granted petitioner's motion, on consent, to join the third cause of action from the 2015 proceeding with the instant vested rights cause of action for purposes of trial and discovery.

Footnote 3:"[A]n order ruling on a motion in limine is generally not appealable as of right or by permission" (Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 139 AD3d 1192, 1193 [2016]). However, this order is appealable, as it "limits the scope of issues to be tried, affecting the merits of the controversy or the substantial rights of a party" (id. at 1193-1194 [internal quotation marks and citation omitted]).

Footnote 4: Such distinction is demonstrated by the independent evaluation of such claims and the use of different standards (see e.g. Glacial Aggregates LLC v Town of Yorkshire, 14 NY3d at 135-138; Town of N. Elba v Grimditch, 131 AD3d 150, 159 [2015], lv denied 26 NY3d 903 [2015]; Matter of Mar-Vera Corp. v Zoning Bd. of Appeals of the Vil. of Irvington, 84 AD3d at 1240).

Footnote 5:Inasmuch as respondents rely upon this Court's 2012 decision in support of this contention, that reliance is misplaced as the specific language being referenced addressed the vested rights doctrine, not the prior nonconforming use doctrine (95 AD3d at 1638).